## State of Vermont v. Reid Francis Ladieu

[296 A.2d 215]

No. 5-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Kimberly B. Cheney*, State's Attorney, for Plaintiff.

*Richard A. Gadbois, Esq.*, St. Albans, for Defendant.

**Keyser, J.** The respondent was tried by jury in the District Court in Barre on November 18, 1971, and convicted of operating a motor vehicle while under the influence of intoxicating beverages. 23 V.S.A. § 1201. He was involved in a one-car collision on June 19, 1971. Upon request of the state police officer investigating the accident, the respondent consented to the taking of a sample of his breath for analysis to determine its alcoholic content as provided by the implied consent law, 23 V.S.A. § 1202. The test was promptly administered by the officer with a photoelectric intoximeter and showed a reading of .20%.

In pertinent part, 23 V.S.A. § 1203, provides:

"... A sufficient amount of blood, breath, urine or saliva, as the case may be, shall be taken to enable the person, at his option, to have made an independent analysis of the sample, and shall be held for 60 days unless sooner collected by the respondent for purposes of permitting an independent analysis...."

The main issue presented by respondent's appeal is to the denial of his motion "for the suppression of any and all evidence relating to the chemical test of Respondent's body substances."

On August 2, 1971, the respondent's attorney by letter requested the sample retained for the respondent by the investigating state police officer. The sample, contained in a perchlorate tube, was promptly sent by the officer through United States mail in an envelope addressed to respondent's attorney.

At the outset of the trial after the investigating officer had given some preliminary testimony relating to the accident, respondent's attorney orally moved for the suppression of all evidence relating to the chemical test. The court heard the motion in the chambers. Respondent's attorney supported his motion by statements of his personal observation and examination of the sample when he received it and his contentions and conclusions concerning the condition of the sample as well as the law. The state's attorney countered respond-

ent's claim by testimony of the state police officer following which he was cross-examined by respondent's attorney. At its conclusion, the court denied the respondent's motion to suppress.

Counsel stipulated that no transcript of the trial before the jury was required on the appeal for the reason that the transcript of the hearing in the chambers on respondent's motion to suppress would be a sufficient transcript under V.R.A.P. 10(b).

The respondent first contends that the sample retained by the state police for his benefit when received by his attorney was not sealed and on its face was inadmissible as evidence. He argues that the sample was no sample at all and all evidence relating to the state's sample should have been suppressed, citing *State* v. *Ball,* 123 Vt. 26, 179 A.2d 466 (1962). Also, he argues here that the sample furnished him must possess sufficient evidentiary integrity at the time it is delivered to him to be admissible as evidence in a court of law.

This contention was urged in the court below at the hearing on the motion. It was supported by the statement of respondent's attorney that he observed after receiving the sample that "prior to removing or lifting any tape or seals and after making various physical tests to determine whether or not the condition of the tube might have been changed by rough handling in the mail, I was able to remove one of the caps from the end of the tube without in any way causing injury to the seal or to the paper which had been wrapped around it which, in fact, was the seal, and was then able to replace that cap without in any way changing the appearance of the tube, the tape or the paper wrapped around it." Counsel further stated to the court, in substance, that "the basic test of evidentuary (sic) integrity in a situation like this . . . is that the court could reasonably conclude, from the state of the tube, that it could not have been removed without detection."

The statute, 23 V.S.A. § 1203, required only that a sufficient amount of respondent's breath be taken to enable him, at his option, to have an independent analysis made of the sample. The defendant did not have such analysis made because of the expense involved for a test and for an expert

witness to testify at the trial. Thus, there is no evidence whatever to indicate that the contents of the tube was not of a sufficient amount to enable the respondent to have an independent and accurate analysis made of the sample.

The testimony of the state police officer in the chambers shows the following facts. A perchlorate tube is used to capture a portion of the sample to be used by the respondent for an independent analysis. Once the sample is captured, the tube is removed from the machine and the cap which has a soft rubber insert is applied. The sample is then identified and sealed with a wrapper. This was the officer's general practice in taking ten or more samples a week. The officer said he also generally licks the top of the gummed portion on the back of the label, applies it to the tube and wraps the remainder around the tube. The gummed portion of the label covers the yellow screw-on cap at either end of the tube and he checks to see that the gummed portion is attached to both caps. The officer then locks the sample in his desk.

The testimony of the state police officer further shows that the sample for the respondent was properly preserved by the state. There is no evidence whatever that the sample was tampered with, and the claim that it could have been is only conjecture. Neither was there any evidence to show that the tube was not properly sealed when it was placed in the United States mail and left the custody of the officer. Upon receipt of the sample respondent's attorney says he was able to remove one of the caps on the tube and on cross-examination of the officer he had him demonstrate that the cap could be removed. This occurred some time after respondent's attorney had already examined the tube and removed the cap and seal.

The fact that the gummed portion of the wrapper on the cap may have become loosened when received by respondent's attorney does not show that the sample had been tampered with. The contentions and allegations presented by respondent's attorney were his self-assertions and conjecture, not evidence, and assumed facts not shown in evidence.

The statute does not require that the tube be sealed as defendant's arguments indicate. It mandates only that a sample be preserved and available to the defendant for a period of sixty days. The position taken by defendant presents an evi-

dentiary question. If the defendant's sample were tested three results could have been possible—same, better or worse than the state's test. Only if the test was worse would there be any inference that the sample had not been properly preserved by the officer.

The trial court considered and treated the question of admissibility of the test results as a preliminary question of fact. The evidence clearly established the chemical integrity of the sample. The defendant's challenge to this evidence was properly denied by the court.

In the posture of the case as shown by the record, we find no error by the court below.

*Judgment affirmed.*