Laconia District Court
No. 7316

### STATE OF NEW HAMPSHIRE v. DAVID N. PAUL

April 30, 1976

*David H. Souter,* attorney general, and *Edward N. Damon,* attorney (*Mr. Damon* orally), for the State.

*Hanrahan & Flynn (Mr. John P. Flynn, Jr.,* orally) for the defendant.

KENISON, C.J. This is a prosecution for driving while under the influence of intoxicating liquor. RSA 262-A:62 (Supp. 1975; Laws 1973, 528:321). The defendant moved to suppress and objected to the introduction in evidence of the results of a test of a blood sample which was not sealed when it arrived at the State laboratory. The Laconia District Court *(Bernard I. Snierson,* J.) denied the defendant's motion and overruled his objection, and reserved and transferred his exceptions.

A police officer testified that a sample of the defendant's blood was taken at Lakes Region General Hospital in Laconia under his direction. The officer further testified that he sealed the sample according to the regulations prescribed by the director of the division of public health and that he placed the sample in a refrigerator at the Gilford Police Station. A State police trooper testified that he transported the sample from the refrigerator to the State laboratory and that the seal appeared to be intact. A chemist from the State laboratory testified that at the time of delivery the blood sample was not sealed according to regulations. The regulations provide that the test tube containing the blood sample is to be placed in a container and that the container is to be sealed shut. The chemist testified, "Specifically the wires [,] while being inserted into holes on either side of the sample as required [,] did not have the seal, which is required, applied to both sides of the wires; rather, the seal was placed only at one of the wire ends, thus allowing the sample to be opened at any time without breaking the seal." The chemist further testified that the test tube containing the blood was securely capped and that no blood appeared to have been spilled.

Under RSA 262-A:69-i (Supp. 1975) the results of chemical tests to determine the alcohol content of blood are admissible in evidence only if the "test is performed in accordance with methods prescribed by the director of the division of public health." However, "[t]he evidence exclusion portion of section 69-i relates solely to the standards for testing the blood . . . ." *State v. Groulx,* 109 N.H. 281, 282, 249 A.2d 690, 692 (1969). The method of sealing the container which holds the test tube of blood is not part of the procedure for conducting the chemical test. Although the method of sealing is covered by the director's regulations, the statute does not require compliance with that portion of the regulations as a

condition to the admission of the test results.

"One of the most important prerequisites for the admission of the results of chemical tests for intoxication is that the specimen analyzed shall be traced to the accused . . . . The State is required to establish the essential links in the chain of evidence relied on to identify the blood analyzed as being the blood taken from the accused." *State v. Reenstierna,* 101 N.H. 286, 287-88, 140 A.2d 572, 574 (1958); R. Donigan, Chemical Tests and the Law 75 (2d ed. 1966 and Supp.) The evidence detailed above is sufficient to warrant a finding that the blood analyzed was the defendant's. *State v. Fornier,* 103 N.H. 152, 167 A.2d 56 (1961). Further the evidence that the test tube was securely capped was sufficient to justify a finding that the sample had been properly preserved. The possibility of adulteration in these circumstances goes to the weight to be given to, and not to the admissibility of, the test results. *State v. LaFountain,* 108 N.H. 219, 231 A.2d 635 (1967). The testimony presented was adequate to lay a foundation and the trial court did not err in admitting the results of the blood test. *State v. Ladieu,* 130 Vt. 496, 296 A.2d 215 (1972); 2 R. Erwin, Defense of Drunk Driving Cases § 27.04 (Supp. 1975).

*Defendant's exceptions overruled.*

All concurred.