Sullivan
No. 80-114

## The State of New Hampshire

v.

## George Watson

December 31, 1980

*Gregory H. Smith*, acting attorney general (*Michael A. Pignatelli*, attorney, on the brief), by brief for the State.

*Lanea A. Witkus*, of Newport, by brief for the defendant.

GRIMES, C.J. The defendant in this case is appealing his conviction for driving while under the influence of intoxicating liquor in violation of RSA 262-A:62. We affirm.

After the defendant's arrest on June 9, 1979, a chemical test was performed to determine the alcohol content of the defendant's blood. The police gave the defendant a report containing the test results, as required by RSA 262-A:69-a, but the report did not mention the fact that the blood sample had been improperly sealed at the hospital prior to its transfer to the State laboratory.

In June 1979, the defendant was found guilty in Claremont District Court. On the day of his district court trial, the prosecutor informed the defendant about the improper sealing of the blood sample.

The defendant appealed his conviction to the Sullivan County Superior Court in July 1979. Subsequently, he filed a motion for discovery, which the court never acted on. On January 16, 1980, and again on February 6, 1980, the defendant moved to suppress the blood test results because of the defective seal on the blood sample. The State neither objected nor responded to these motions.

A jury to decide the case was picked on February 4, 1980, after which time the Court (*Johnson,* J.) would no longer accept a negotiated plea. On the morning of the trial, February 6, 1980, the State provided the defendant with a statement from the State laboratory indicating that a problem existed with respect to the seal on the blood sample. That statement is not a part of the record in this appeal. The court held a hearing on the defendant's motion to suppress, and, after a State chemist testified that the defective seal had no effect on the blood sample, the blood test results were found to be admissible. The trial then commenced, and the jury found the defendant guilty. The defendant appealed.

The defendant does not challenge the admissibility of the blood test results. *See State v. Paul,* 116 N.H. 252, 356 A.2d 661 (1976). Rather, the defendant's complaint is that he was not given a copy of the State laboratory statement, which mentioned the problem with the blood sample seal, until the day of his trial in the superior court. He contends that the delay in obtaining this information substantially prejudiced him in the preparation of his case and prevented him from making an informed judgment as to his plea to the charge. He argues that, because of this, he is entitled to either a dismissal or a new trial.

■■ It is true that a delay in furnishing a criminal defendant with information which is favorable to him and material to the

issue of guilt or innocence may amount to an unconstitutional suppression of evidence if "the delay in disclosure substantially prejudiced the defendant in the preparation of his defense." *State v. Arthur*, 118 N.H. 561, 563, 391 A.2d 884, 886 (1978). In this case the defendant first learned of the improper sealing of his blood sample at his district court trial seven months before the superior court trial from which he now appeals. He asserts that it "was the lack of information about the specific problem with the container" that prejudiced him. There is no evidence, however, that the laboratory statement sought by the defendant contained any information beyond what he already knew. Because the defendant already knew and had available the information contained in the laboratory statement, the delay in furnishing the defendant with that statement could not constitute a suppression of evidence by the State. *See Stubbs v. Smith*, 533 F.2d 64, 67 n.5 (2d Cir. 1976); *DeBerry v. Wolff*, 513 F.2d 1336, 1340 (8th Cir. 1975).

For the same reason, we fail to see how the defendant's failure to receive the statement until the day of his superior court trial could in any way have prejudiced him. Nor does it appear that the State had any information about the improper seal on the defendant's blood - sample other than that contained in the laboratory statement. Indeed, the testimony of the State chemist at the suppression hearing that the improper seal did not affect the blood sample strongly suggests that there was no exculpatory evidence either for the defendant to discover, had he sought to do so, or for the State to disclose. Under these circumstances, neither a new trial nor the "drastic remedy of dismissal" is warranted. *State v. Arthur*, 118 N.H. at 563, 391 A.2d at 885.

The defendant also argues that, because the State failed to object to the motion to suppress within ten days after it was filed, the superior court should have granted the motion. This contention is without merit. By itself, the State's failure to object did not require the superior court to rule in the defendant's favor. Nor does Superior Court Rule 58 dictate such a result, for that rule merely permits the court to act upon a motion without a hearing if the party opposing the motion fails to request a hearing and to object to the motion. The blood test results were clearly admissible. *State v. Paul*, 116 N.H. 252, 356 A.2d 661 (1976). We therefore find no error in the trial court's ruling on the motion to suppress.

*Affirmed.*

All concurred.