Hillsborough-southern judicial district
No. 93-533

THE STATE OF NEW HAMPSHIRE

v.

JOHN D. MOSCILLO

October 26, 1994

*Jeffrey R. Howard,* attorney general (*Susan G. Morrell,* assistant attorney general, on the brief), by brief for the State.

*Kent E. Smith,* public defender, of Nashua, by brief for the defendant.

MEMORANDUM OPINION

JOHNSON, J.   The defendant, John D. Moscillo, appeals his conviction in Superior Court (*Barry,* J.) for possession with intent to dispense marijuana, RSA 318-B:2 (Supp. 1988), and other related crimes. He contends that the two bags of marijuana admitted into evidence were not properly authenticated. We affirm.

The defendant's convictions were based on evidence that he attempted to sell marijuana to undercover State troopers. On December 3, 1991, Trooper A. Bradford Card, acting undercover, arranged to buy marijuana from Christopher Canti. The next evening, the defendant and Canti drove to the site of the planned sale, where they met Card and another undercover trooper. After entering Card's vehicle, Canti produced two bags of marijuana. The defendant fled as an arrest team moved in. A chase ensued, and the defendant was apprehended. Card marked the marijuana bags as exhibits with his initials and the date. He waited forty-one hours before submitting the marked bags to the New Hampshire Forensic Laboratory for analysis. At trial, neither the State nor the defendant addressed this delay.

On appeal, the defendant argues that the prosecution failed to prove that the substance obtained by Card on December 4, 1991, was the marijuana evidence presented at trial. Specifically, the defendant argues that the two bags of marijuana should not have been admitted into evidence because the unexplained forty-one hour delay constituted a crucial lapse in the chain of custody in violation of New Hampshire Rule of Evidence 901(a). The State asserts that the evidence presented at trial sufficiently established that the marijuana in evidence was sold by the defendant.

We agree with the State. This court will not overturn a trial judge's authentication ruling absent a clear abuse of discretion. *State v. Lee,* 134 N.H. 392, 396, 593 A.2d 235, 237 (1991). Rule 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The rule does not constitute an onerous burden:

> The State need only demonstrate a rational basis from which to conclude that the exhibit did, in fact, belong to the defendant. The contested evidence, if otherwise relevant, should be admitted once a prima facie case has

been made on the issue [of authentication]. Once the evidence is admitted, the rest is up to the jury.

*State v. Woitkowski,* 136 N.H. 134, 136, 612 A.2d 1317, 1318 (1992) (quotation omitted).

■ Authenticating evidence susceptible to alteration will often entail a testimonial tracing of the item's "chain of custody" with sufficient completeness as to render it reasonably improbable that the original item has been tampered with. *See, e.g., State v. Nickerson,* 114 N.H. 47, 51, 314 A.2d 648, 650 (1974); *United States v. Abreu,* 952 F.2d 1458, 1467 (1st Cir.), *cert. denied,* 112 S. Ct. 1695 (1992). Gaps in a chain of custody are most significant where the contested evidence is fungible, and not readily distinguishable by a unique feature or other identifying mark. *Woitkowski,* 136 N.H. at 136, 612 A.2d at 1318; *Abreu,* 952 F.2d at 1467.

■ Generally, drug evidence is fungible, *Woitkowski,* 136 N.H. at 136, 612 A.2d at 1318, especially where, as here, the State offers no proof that the marked marijuana bags were sealed such that tampering would be evident. *See State v. Paul,* 116 N.H. 252, 254, 356 A.2d 661, 662–63 (1976); *United States v. Santiago,* 534 F.2d 768, 769 (7th Cir. 1976). Nevertheless, "precision in developing the 'chain of custody' is not an iron-clad requirement, and the fact of a missing link does not prevent the admission of real evidence." *United States v. Howard-Arias,* 679 F.2d 363, 366 (4th Cir.), *cert. denied,* 459 U.S. 874 (1982) (citations and quotations omitted). Such gaps in the chain affect only the weight to be accorded proffered evidence. *Paul,* 116 N.H. at 254, 356 A.2d at 663; *United States v. Ortiz,* 966 F.2d 707, 716 (1st Cir. 1992), *cert. denied,* 113 S. Ct. 1005 (1993). This is particularly true where, as here, the defendant produces no evidence of alteration or other foul play. *See State v. Nickerson,* 114 N.H. at 51, 314 A.2d at 651; *Ortiz,* 966 F.2d at 716.

■ In this case, neither side elicited testimony as to the whereabouts of the marijuana evidence during the forty-one hours immediately following its procurement. This omission, however, is not fatal to the State. Card testified that he packaged and marked the marijuana soon after he had obtained it from the defendant. The marijuana submitted at trial bore Card's markings. The defendant adduced no evidence of possible tampering or alteration. Moreover, the defendant referred to the substance seized by Card as "marijuana" during his own testimony. Once the State had laid some foundation to connect the marijuana evidence to the

defendant, it was for the jury to determine whether this was in fact the substance obtained by Card on December 4, 1991. *State v. Reid,* 135 N.H. 376, 383, 605 A.2d 1050, 1054 (1992); *Ortiz,* 966 F.2d at 716.

Accordingly, the trial court did not abuse its discretion in admitting the marijuana evidence.

*Affirmed.*

All concurred.