Grafton
No. 98-467

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL HUTCHINS

February 8, 2000

*Philip T. McLaughlin*, attorney general (*Malinda R. Lawrence*, assistant attorney general, on the brief and orally), for the State.

*George H. Ostler*, of Norwich, Vermont, by brief and orally, for the defendant.

BRODERICK, J. The defendant, Michael Hutchins, was acquitted on three counts of sexual assault following a jury trial. One additional charge was *nolle prossed* at the close of the trial. Subsequently, the defendant was indicted for perjury based upon his testimony at trial. The defendant moved to dismiss the indictment, arguing that a subsequent trial is barred by the doctrine of collateral estoppel and thus would violate the protections afforded him by the Double Jeopardy Clauses of the State and Federal Constitutions. The Trial Court (*Fitzgerald*, J.) denied the motion and the defendant appeals. We affirm and remand.

The record reflects that, in early 1990, the victim and her sister, aged five and one respectively, were removed from their parents' custody by the State of Florida because of family problems including substance abuse and neglect by both parents. Subsequently, the older daughter disclosed that she had suffered sexual abuse by her father. In May 1990, the children moved in with the defendant, who is their uncle. While residing with the defendant, the victim informed him that her father had sexually assaulted her. In the summer of 1991, the children returned to the custody of their mother. In September 1992, the victim alleged that the defendant had sexually abused her while she was residing with him.

In June 1993, the defendant was indicted on one count of aggravated felonious sexual assault, see RSA 632-A:2 (1986 & Supp. 1991) (amended 1992, 1994, 1995, 1997, 1998, 1999), one count of attempted aggravated felonious sexual assault, see RSA 629:1 (1996) (amended 1999); RSA 632-A:2, and two counts of felonious sexual assault, see RSA 632-A:3, III (1996). The four indictments alleged that the defendant assaulted the victim between July 1, 1990, and August 30, 1991, a period which overlapped the time frame in which she lived with him.

At the superior court trial in April 1994, the victim testified that the four sexual assaults all occurred at approximately the same time, on the same day, and in the same room. The defendant elected to testify, and during his cross-examination, the following colloquy occurred:

> Q  Did anything inappropriate *ever* occur between you and [the victim]?
> A  Absolutely not.
> Q  Did anything of a sexual nature *ever* occur between you and [the victim]?
> A  The descriptions of abuse from her father, yes. Physical, no.

(Emphasis added.) At the conclusion of the trial, the State *nolle prossed* with prejudice one count of felonious sexual assault, and the jury acquitted the defendant on the remaining counts.

Following the trial, the defendant was indicted for perjury. *See* RSA 641:1 (1996). The indictment alleged that the defendant's denial that "anything of a sexual nature" *ever* occurred with the victim was a false, material statement made in an official proceeding. The defendant moved to dismiss the indictment on the grounds that it violated the double jeopardy protections afforded him under the State and Federal Constitutions. The court denied the defen-

dant's motion, ruling that the jury determined only that the State had failed to prove the defendant's guilt for the charged crimes.

On appeal, the defendant contends that the State is collaterally estopped from relitigiating the issue of the truthfulness of his testimony concerning whether he ever had sexual contact with the victim because that issue was necessarily decided in his first trial. He also argues that his denial that he engaged in "anything of a sexual nature" with the victim referred only to the acts specified in the indictments and not, as the State argues, to other uncharged sexual acts.

■ The defendant argues that prosecution of the perjury indictment is barred by the double jeopardy protections of the Fifth Amendment to the United States Constitution, *see Ashe v. Swenson*, 397 U.S. 436, 445 (1970), and Part I, Article 16 of the New Hampshire Constitution, *see State v. Crate*, 141 N.H. 489, 493, 686 A.2d 318, 320 (1996). We first address his State constitutional argument, citing federal law only as an aid to our analysis. *See State v. Ball*, 124 N.H. 226, 233, 471 A.2d 347, 352 (1983). Because the federal standard for collateral estoppel affords the defendant no greater protection, we need not undertake a separate federal analysis. *See Crate*, 141 N.H. at 491, 686 A.2d at 319.

■ In the criminal context, collateral estoppel mandates that an issue of ultimate fact that has been fully tried and determined cannot again be litigated between the parties in a future prosecution. *See id.* at 493, 686 A.2d at 320. "A second prosecution . . . will be barred, however, only if an essential element of the second prosecution was necessarily determined in the defendant's favor at the first trial. The burden is on the defendant to establish that such an issue was decided in his favor." *State v. Hastings*, 121 N.H. 465, 467, 430 A.2d 1131, 1132 (1981) (citations omitted).

Where, as in this case, the jury issues a general verdict of acquittal, "it is difficult to determine . . . how the fact finder in the first trial decided any particular issue." *State v. Canon*, 602 N.W.2d 316, 319 (Wis. Ct. App. 1999) (quotation omitted), *petition for review filed*. Accordingly, we must "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational finder of fact could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Hastings*, 121 N.H. at 467, 430 A.2d at 1132 (quotation, ellipsis, and brackets omitted). This method reflects the approach of the United States Supreme Court in *Ashe* that "the rule of collateral estoppel in

criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality." *Ashe*, 397 U.S. at 444.

In this case, we cannot say that the jury "necessarily determined" that nothing of a sexual nature *ever* occurred between the defendant and the victim. *See Hastings*, 121 N.H. at 467, 430 A.2d at 1132. The jury's acquittal only reflects that the State failed to prove beyond a reasonable doubt that the defendant committed the crimes charged in the indictments. *Cf. Bolden v. Warden, West Tennessee High Sec. Fac.*, 194 F.3d 579, 585 (5th Cir. 1999). Indeed, the jury might not have believed the defendant's assertion that nothing of a sexual nature ever occurred with the victim, but still have concluded that the charged crimes were not proven. *See, e.g., Adams v. United States*, 287 F.2d 701, 705 (5th Cir. 1961); *United States v. Carter*, 60 F.3d 1532, 1536 (11th Cir. 1995).

The defendant relies on *United States v. Hernandez*, 572 F.2d 218 (9th Cir. 1978), and *United States v. Nash*, 447 F.2d 1382 (4th Cir. 1971), as examples of factually similar cases in which a perjury prosecution following an acquittal was barred by collateral estoppel. These cases are readily distinguishable from the present case. In both, the trier of fact was found to have necessarily determined the truthfulness of the defendant's testimony because it conflicted with the government's proof, was integral to the defense, and thus was not collateral to the defendant's acquittal. *See Hernandez*, 572 F.2d at 222; *Nash*, 447 F.2d at 1385. In this case, by contrast, the defendant's statement could reasonably be interpreted to have exceeded the scope of the charged criminal conduct, and therefore extended to issues that were collateral to his defense. *Compare State v. DeSchepper*, 231 N.W.2d 294, 303 (Minn. 1975) (truth of defendant's statement that he did not drive vehicle *in a particular county* not necessarily determined in acquittal on speeding charge because jury could have concluded that he drove in that county but was not speeding at time he was driving), *with Canon*, 602 N.W.2d at 319-20 (truth of defendant's statement that he did not drive vehicle at time offense was committed necessarily determined by acquittal on charges of driving under the influence and operating after license revocation where defendant admitted consuming alcohol and did not contest that his driver's license had been revoked).

■ The defendant also argues that, when evaluated in the context of the entire record, his denial that anything of a sexual nature ever occurred between himself and the victim referred only to the acts alleged in the indictments. The context of the prosecutor's question

and the defendant's response, however, would not necessarily require such a conclusion. The prosecutor asked whether "anything of a sexual nature *ever* occur[red] between you and [the victim]?" The defendant replied: "The descriptions of abuse from her father, yes. Physical, no." On its face, the defendant's statement was a blanket denial that anything of a sexual nature ever occurred between himself and the victim. Moreover, the defendant's reference to sexual conduct allegedly perpetrated by the victim's father indicates that he understood the prosecutor's question to refer to incidents of a sexual nature beyond the charged assaults. Finally, the immediate context in which the question was asked focused on all past encounters between the defendant and the victim, rather than on the specific events charged in the indictments. Immediately preceding the question whether "anything of a sexual nature *ever* occur[red] between you and [the victim]," the defendant was asked whether "anything inappropriate ever occur[red] between you and [the victim]." (Emphasis added.) Thus, the context in which the critical question was asked could reasonably have referred to *any* sexual contact, not just the charged offenses.

*Affirmed and remanded.*

All concurred.