Littleton District Court
No. 99-002

THE STATE OF NEW HAMPSHIRE

v.

ROBERT BAIN, JR.

November 2, 2000

*Philip T. McLaughlin*, attorney general (*Ann M. Rice*, senior assistant attorney general, on the brief and orally), for the State.

*Behzad Mirhashem*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J. The State appeals the dismissal of misdemeanor charges against the defendant, Robert Bain, Jr., by the Littleton District Court (*Cyr*, J.). We reverse and remand.

The following facts are either supported by the record or undisputed by the parties. On October 23, 1998, the defendant was arraigned in Littleton District Court on misdemeanor charges of simple assault and criminal threatening. *See* RSA 631:2-a, I(a) (1996), :4, I(d) (Supp. 1999). The defendant requested appointed counsel, and trial was scheduled for November 6, 1998. On November 2, Attorney Carl Olson of the public defender's office was notified of his appointment to represent the defendant. Attorney Olson mailed a discovery request to the police, in response to which the prosecuting officer, Lisbon Police Officer Talatinian, hand-delivered the discovery material on November 5. At that time, a

discussion regarding a continuance of the case took place between Attorney Olson and Officer Talatinian.

On November 6, the date scheduled for trial, Attorney Olson filed a motion to dismiss the charges arguing that he could not effectively represent the defendant on such short notice and that the defendant was therefore impermissibly faced with having to choose between his constitutional rights to effective assistance of counsel and a speedy trial. The defendant's motion represented that Officer Talatinian had indicated, in his prior conversation with Attorney Olson, that he would not concur in a motion by the defendant to continue the trial. At a hearing on the motion, the trial judge questioned Officer Talatinian about his conversation with Attorney Olson. The court had some difficulty, however, eliciting answers from Officer Talatinian. Finally, the judge stated:

> THE COURT: Let's not split hairs. Did you tell him that you were ready to go forward today?
>
> OFFICER TALATINIAN: Yes, I did.
>
> THE COURT: And isn't the obvious impression [created] by that statement . . . that you were not agreeable to a continuance?
>
> OFFICER TALATINIAN: Not in my opinion, your Honor.
>
> THE COURT: Well, it is in mine.

The trial court granted the motion without further explanation.

Based on the merits of defendant's speedy trial claim, the State moved for reconsideration. After a hearing, at which the State was represented by Assistant County Attorney George Waldron, Jr., the trial court denied the motion and clarified its prior ruling as follows:

> Motion denied. For purposes of clarification at the hearing on the original motion, the State repeatedly failed to respond directly to certain question[s] posed by this Court as to matters pertinent to the underlying issues. The State repeatedly gave evasive and nonresponsive answers to direct questions posed by this Court. This Court finds and so found that the State was acting in bad faith.

On appeal, the State argues that dismissal of the charges against the defendant as a sanction for perceived misconduct by Officer Talatinian was an abuse of the trial court's discretion under the principles we announced in *State v. Cotell*, 143 N.H. 275, 722 A.2d

507 (1998). Specifically, the State argues that the trial court abused its supervisory authority by dismissing the charges absent a finding that Officer Talatinian's alleged misconduct prejudiced the defendant and by failing to consider the imposition of less extreme sanctions.

Before addressing the trial court's order, we must first consider the defendant's arguments that the State has not preserved this issue for our review. The defendant first contends that the State cannot argue on appeal that the trial court abused its supervisory authority because the State invited that error at the hearing on the motion to reconsider. Specifically, the defendant argues that "the State did not dispute the [trial] court's view of the scope of its [supervisory] powers," in that the assistant county attorney acknowledged at argument on the motion to reconsider that "[i]f the [court's] decision was made based on prosecutorial misconduct, that would be a different matter."

■ "Under the 'invited error' doctrine, a party may not avail himself of error into which he has led the trial court, intentionally or unintentionally." *State v. Goodale*, 144 N.H. 224, 227, 740 A.2d 1026, 1029 (1999) (quotations and brackets omitted). Our reading of the record, however, does not support the defendant's invited error argument. The record indicates that the assistant county attorney was pointing out to the court that the reason for the dismissal as then clarified by the court, *i.e.*, prosecutorial misconduct, did not appear in the court's original order, thereby leaving the assistant county attorney, who had not been present at the original hearing, at a disadvantage in arguing the motion for reconsideration. We do not conclude that the prosecutor conceded the propriety of dismissal if the court found prosecutorial misconduct.

The defendant's second preservation argument asserts that the State did not present the same argument to the trial court as it now makes on appeal in that its motion for reconsideration addressed only the alleged speedy trial violation, and not the propriety of dismissing the case for prosecutorial misconduct. It is well established that "this court will not consider issues raised on appeal that were not presented in the lower court." *State v. Baird*, 133 N.H. 637, 640, 581 A.2d 1313, 1315 (1990) (quotations omitted). The preservation requirement recognizes that generally, trial courts "should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court." *State v. McMinn*, 141 N.H. 636, 642, 690 A.2d 1017, 1021 (1997) (quotations omitted). We look to this rationale in determining whether an issue has been preserved for our review. *See id.*

The record reveals that the trial court did not explicitly state the basis for its original ruling on the defendant's motion. The court merely stated, "Motion to dismiss granted," and noted the same in its order. It was therefore not unreasonable for the State to assume, as it apparently did, that the court had granted the defendant's motion for the reasons argued therein, and therefore to address its motion for reconsideration to the merits of the defendant's asserted grounds for dismissal. In response, defense counsel argued that the court dismissed the case for the State's misconduct after Officer Talatinian "played word games" in response to the court's questions.

The trial court confirmed that assessment during the State's rebuttal argument, asking the assistant county attorney, "Well, Mr. Waldron, how do you deal with when a Court tries to get to the bottom of something, and they ask a representative of the State a direct question, and the Court never gets a direct answer?" The following exchange then took place:

> MR. WALDRON: Well, your Honor, if you're not getting a —
>
> THE COURT: Repeatedly does not get a direct answer.
>
> MR. WALDRON: I understand that, your Honor. I think the remedy is — is to order —
>
> THE COURT: It's a clear indication to me of the State acting in bad faith.
>
> MR. WALDRON: I think that the Court has the authority to order the person to — to answer the questions directly or to be held in contempt.

We conclude that although the assistant county attorney did not explicitly inform the trial court that it was required to consider lesser alternative sanctions, he did argue that other, less extreme sanctions would have been more appropriate under the circumstances. The assistant county attorney also pointed out that dismissal is a drastic sanction, as it frustrates the public's and the victim's interests in prosecuting the crime, in contrast to a sanction that punishes the person actually committing the misconduct:

> MR. WALDRON: Your Honor, I think with respect to your administrative powers, you have — you have the authority to hold the person in contempt if they're not giving you — giving you straight answers, or if you feel that

they're misleading you, or lying to you. But in this particular case, it's the State of New Hampshire, as well as the victim in this matter, the fact that a person representing the State may be misleading the Court . . . or lying to the Court, the Court has the authority to sanction the person or hold him in contempt.

■ Similarly, while the assistant county attorney did not directly argue that the absence of prejudice to the defendant precluded dismissal under the court's supervisory authority, he did argue, in the context of defendant's speedy trial claim, that the defendant had not been prejudiced by the pre-trial delay, that the defendant would not have been prejudiced by a sixty-day continuance, and that the court could have continued the case over the State's objection. *See State v. Judkins*, 128 N.H. 223, 224-25, 512 A.2d 427, 428 (1986) (reasons for counsel's objection, though not clearly articulated, were suggested in his statements to trial court). Thus, the assistant county attorney's argument indicated implicitly that Officer Talatinian's alleged failure to directly answer whether or not he had objected to a continuance could not have obstructed the proceeding to the defendant's prejudice because the court had the power to continue the trial notwithstanding the State's position.

We review the trial court's dismissal of the case for prosecutorial misconduct for abuse of discretion. *See Cotell*, 142 N.H. at 279, 722 A.2d at 511. In *Cotell* we noted that "the sanction of dismissal with prejudice is . . . reserved for extraordinary circumstances." *Id.* at 281, 722 A.2d at 512. Accordingly, we held that "the supervisory authority of the trial court includes the power to impose the extreme sanction of dismissal with prejudice only in extraordinary situations and only where the government's misconduct has prejudiced the defendant." *Id.* at 279, 722 A.2d at 511 (quotation and brackets omitted). We also recognized that "[a] trial court exceeds the proper bounds of its supervisory power to order dismissal of an indictment with prejudice when it fails to consider whether less extreme sanctions might maintain the integrity of the court without punishing the State for a prosecutor's misconduct." *Id.* at 281, 722 A.2d at 512 (quotation and brackets omitted).

■ The trial court made no finding that the defendant was prejudiced by Officer Talatinian's alleged misconduct, nor, for reasons addressed above, could such a finding be made on this record. The defendant argues that the prejudice requirement of *Cotell* is not applicable because *Cotell* dealt with prosecutorial nonfeasance as opposed to the prosecutorial malfeasance indicated

here by the trial court's finding that the State acted in bad faith. We disagree. The principles set forth in *Cotell* "do not . . . [suggest] that if the [defendant] had shown some measure of governmental bad faith a mistrial or dismissal would automatically follow." *United States v. Rossetti*, 768 F.2d 12, 15 (1st Cir. 1985). Rather, we noted in *Cotell* that the "requisite level of prejudice may vary with the nature of [the] government's misconduct." *Cotell*, 143 N.H. at 279, 722 A.2d at 511. While we acknowledge the trial court's finding of bad faith, and we do not condone misleading or evasive responses by a prosecutor to the court, we conclude that Officer Talatinian's conduct did not rise to the level of impeding the trial court's ability to administer justice because the court could have ruled on the motion without the officer's answers. We therefore hold that under the circumstances of this case, the court was required to find prejudice before dismissing the charges as a sanction for prosecutorial misconduct.

The trial court also made no finding that a lesser sanction would fail to have the intended punitive effect. In fact, there is no indication in the record that the court even considered lesser sanctions. Accordingly, we hold that the trial court abused its discretion in dismissing the charges against the defendant for prosecutorial misconduct. The trial court is free, however, to consider other appropriate sanctions on remand.

Finally, the defendant contends that dismissal of the case was not granted solely for the purpose of punishing prosecutorial misconduct. Rather, the defendant asserts that "Officer Talatinian's bad faith refusal to truthfully provide the court with pertinent information" left the court without a basis on which to decide the motion on its merits. The defendant advances two arguments based on this premise. First, the defendant argues that a lesser sanction such as contempt would not have adequately remedied the misconduct because "[h]olding Officer Talatinian in contempt would not have enabled the court to decide the merits of the issue before it." Second, the defendant contends that the trial court had no choice but to treat the motion as unopposed and grant the requested relief on the merits argued therein.

We reject these arguments. First, as discussed above, the information sought by the court was not necessary for it to decide whether to continue the trial. Thus, the court was not left without a basis upon which to decide the motion before it.

 Second, a trial court is not required to grant an unopposed motion. *See State v. Watson*, 120 N.H. 950, 952, 424 A.2d 417, 418

(1980). Furthermore, the defendant's motion requested dismissal on the flawed premise that the defendant was faced with an impermissible choice between constitutional rights. The defendant was not required to make such a choice. "The period of delay considered for purposes of analyzing a defendant's speedy trial claim begins to run when he is arrested or charged, whichever comes first." *Humphrey v. Cunningham, Warden*, 133 N.H. 727, 734, 584 A.2d 763, 767 (1990). Although the record does not disclose the date of the defendant's arrest, the defendant does not dispute the State's representation that forty-seven days elapsed between his arrest and the date set for trial. Where a defendant charged with a misdemeanor is not in jail, we do not consider a pretrial delay of fewer than six months to be presumptively prejudicial. *Cf.* SUPER. CT. R. APP. (Superior Court Speedy Trial Policy). The defendant, who the State represents without objection was not incarcerated, could have requested a continuance of up to approximately four months without reaching the point at which the delay would have become presumptively prejudicial. Thus, neither the defendant nor the trial court was required to choose between the defendant's right to effective assistance of counsel and his right to a speedy trial.

We vacate the trial court's order dismissing the charges and remand for further proceedings.

*Vacated and remanded.*

BROCK, C.J., and BRODERICK, J., concurred; BATCHELDER, J., retired, specially assigned under RSA 490:3, concurred.