Strafford
Nos. 97-488
    97-489
    98-207

## THE STATE OF NEW HAMPSHIRE

v.

## DAVID MICHAUD

February 12, 2001

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief and orally), for the State.

*Gary Apfel*, assistant appellate defender, of Orford, by brief and orally, for the defendant.

BRODERICK, J. The defendant, David Michaud, appeals his convictions following three separate jury trials for: (1) simple assault, *see* RSA 631:2-a (1996); (2) criminal trespass, *see* RSA 635:2 (1996); and (3) arson, *see* RSA 634:1 (1996) (amended 1998). He contends that the Superior Court (*Coffey*, J.) erred in his simple assault trial by not permitting him to introduce evidence about his ex-wife's motive to lie and that the Superior Court (*Fauver*, J.) again erred when it excluded identical evidence in his criminal trespass trial. Finally, he asserts that the Superior Court (*Nadeau*, J.) made several errors in his arson trial by not dismissing the charge, admitting a letter into evidence, and permitting the State to make prejudicial comments during its closing argument. We affirm.

I

The simple assault charge arose from the claim of the defendant's now ex-wife that he assaulted her on May 5, 1996. The criminal trespass charge stemmed from later incidents in which the defendant entered his ex-wife's home, despite a restraining order prohibiting him from doing so.

A

The defendant first argues that the trial court violated his State and federal constitutional rights to confront witnesses when it prohibited him from cross-examining his ex-wife about: (1) her 1989 affair; (2) her alleged history of making false accusations against him and against her first husband; and (3) a warning about perjury that she received in the couple's 1989 divorce proceeding. *See* N.H. CONST. pt. I, art. 15; U.S. CONST. amend. VI.

The record shows, however, that the court *permitted* the defendant to inquire about his ex-wife's past infidelities and alleged false accusations against him. Thus, we examine only the trial court's

rulings regarding the ex-wife's allegedly false accusations against her first husband and the 1989 perjury warning.

We address the defendant's argument under our State Constitution, citing federal law only to aid in our analysis. *See State v. Ball*, 124 N.H. 226, 231-33 (1983). Because the federal standard provides the defendant no greater protection, we need not undertake a separate federal analysis. *See State v. Dixon*, 144 N.H. 273, 278 (1999).

■ A defendant's right to cross-examine prosecution witnesses is not unfettered. *See State v. Rodriguez*, 136 N.H. 505, 508 (1992). "Trial courts possess broad discretion to limit the scope of cross-examination to preclude repetitive or unduly harassing interrogation." *Id.* "In determining the limits of cross-examination, a trial court must balance the prejudice, confusion, and delay of the proffered testimony against its probative value." *Id.* at 509. We will uphold the trial court's decision limiting the scope of cross-examination absent an abuse of discretion. *See State v. Moses*, 143 N.H. 461, 464 (1999).

■ The defendant asserts generally that the precluded inquiries showed his ex-wife's "motive to lie" and that she had "been caught lying under similar circumstances in the past." Although the court precluded the defendant from inquiring into his ex-wife's allegedly false reports against her first husband, it permitted inquiry into the allegedly false reports against him. Moreover, even though the court prohibited inquiry into the 1989 perjury warning, it permitted the defendant to introduce testimony that his ex-wife fabricated photographs in the 1989 proceeding and that a judge found them to be fabricated. Thus, despite the precluded inquiries, the defendant "had all the ammunition he needed," *State v. Huffman*, 136 N.H. 149, 152-53 (1992), to argue that his ex-wife had a motive to lie and had lied in the past. Whatever evidence the prohibited inquiries might have yielded would have been cumulative at best. The court was entitled to weigh, in its discretion, the materiality of this evidence against the potential unfairness and confusion which its admission might have engendered. *See State v. Isaacson*, 129 N.H. 438, 441 (1987). We hold, therefore, that the trial court did not abuse its discretion by limiting the defendant's cross-examination of his ex-wife. *See Moses*, 143 N.H. at 465.

Alternatively, the defendant argues that the trial court should have admitted evidence of his ex-wife's past false accusations and the perjury warning as "victim character" evidence under New Hampshire Rule of Evidence 404(a)(2). We disagree.

■ "The trial court has broad discretion in ruling on the admissibility of character evidence, and we will not disturb its ruling absent an abuse of discretion." *State v. Graf*, 143 N.H. 294, 297 (1999) (quotation and brackets omitted). Under Rules 404(a)(2) and 405, proof of specific instances of a victim's conduct is admissible "only when the victim's character or trait of character is an essential element of a charge, claim, or defense." *State v. Porter*, 144 N.H. 96, 99 (1999). The victim's character was not an essential element of a substantive offense or defense in this case. Thus, proof of specific instances of her character was inadmissible. *See id.*

### B

The defendant also asserts that the trial court erred when it did not permit him to introduce this same evidence in his criminal trespass trial. He concedes, however, that he never moved in advance of the trial to introduce it. Nor did he move its introduction during the trial. Therefore, this issue is not preserved for appellate review. *See State v. Hoag*, 145 N.H. 47, 52 (2000).

■ The defendant justifies his inaction on the basis that the doctrine of "collateral estoppel" precluded him from relitigating the trial court's earlier ruling in his assault trial. We disagree. "In the criminal context, collateral estoppel mandates that an issue of ultimate fact that has been fully tried and determined [may not] again be litigated between the parties in a future prosecution." *State v. Hutchins*, 144 N.H. 669, 671 (2000). In this case, however, the court's evidentiary rulings in the defendant's simple assault trial did not involve issues of "ultimate fact" and, therefore, did not preclude their relitigation in the criminal trespass trial.

### II

With respect to the defendant's arson trial, we recite the pertinent facts as found by the court or as supported by the record. In June 1996, a fire occurred at the home of the defendant's ex-wife. At the time, the Michauds were married, but living apart. Shortly after the defendant was charged with arson, his attorney moved to preserve the condition of the house. In July 1996, the defendant's attorney learned that her client's ex-wife planned to tear down and rebuild the house. She contacted the prosecutor who, in turn, instructed the ex-wife to forbear. The ex-wife testified that she had later conversations with the prosecutor who told her that she could now move forward with her plans. She began doing so in the spring of 1997. The reconstruction was completed in July 1997.

In November 1997, the defendant moved to dismiss the arson charge on the ground that the State had allowed "critical exculpatory evidence" to be destroyed by permitting the reconstruction. The defendant claimed that the reconstruction deprived him of the opportunity to: (1) analyze floor samples to show that there were no accelerants present; and (2) show the property to the jury to demonstrate that his stepson's observations of the fire were physically impossible.

Following a hearing, the court denied the defendant's motion, finding that although the State was "culpably negligent," it had acted in good faith. The court further ruled that to remedy any possible prejudice from the defendant's inability to analyze floor samples, it would preclude the State from introducing evidence of the presence of accelerants, which was shown by chemical tests and detected by trained dogs.

The defendant first argues that the trial court erred when it refused to dismiss the arson charge. We disagree.

"The sanction of dismissal with prejudice is . . . reserved for extraordinary circumstances," *State v. Cotell*, 143 N.H. 275, 281 (1998), and may be imposed only upon a showing of prejudice. *Id.* at 279. In addition, "[a] trial court exceeds the proper bounds of its supervisory power to order dismissal of an indictment with prejudice [unless it considers] whether less extreme sanctions might maintain the integrity of the court without punishing the State for a prosecutor's misconduct." *Id.* at 281 (quotation and brackets omitted).

■ The defendant contends that no showing of prejudice is required where the State is culpably negligent. We disagree. We have recently declined to hold that automatic dismissal is required upon a showing of governmental bad faith. *See State v. Bain*, 145 N.H. 367, 372-73 (2000). We similarly decline to hold that automatic dismissal is required upon a showing of culpable negligence alone. In this case, where the court found the State acted in good faith but with culpable negligence, we conclude that a showing of prejudice was required before the court could dismiss the indictment.

The defendant also argues that, even if a finding of prejudice is required, the State should bear the burden of proof. We need not reach this issue, however, because the record does not reflect any prejudice, and the court's sanction was sufficiently curative. *See id.* (court must consider whether less extreme sanctions have the intended punitive effect).

■ The defendant's assertion that the floor samples would have revealed that no accelerants were present is speculative at best. The State's chemical tests revealed the presence of accelerants, and it appears that the defendant had access to these test results.

The defendant's assertion that had the property not been destroyed he would have shown it to the jury is equally speculative. The court observed that because of the property's "extremely dangerous" condition, it was unlikely that the court would have permitted the jury to enter the property. Moreover, the defendant had access to 200 photographs of the property, including a view from the top of the stairwell. The defendant also had access to two State videotapes of the property. Also, before the home was reconstructed, one of the defendant's experts inspected the fire scene himself for over three hours and photographed and videotaped it. In these circumstances, the defendant suffered no prejudice. *See State v. Murray*, 129 N.H. 645, 650 (1987) (defendant unable to prove prejudice in arson case where building destroyed, but he had access to notes and photographs prepared by State's experts).

The defendant further argues that the court erred when it admitted a letter which the defense had actually used during its cross-examination of witness Virginia Doherty. We disagree.

When Doherty first spoke with the police after the fire, she implicated the defendant. Later she recanted, but at trial admitted that she lied when she did so. In the letter at issue, addressed to "Dave," the author states that she "didn't intend to lie" and that she was "afraid of the police."

During cross-examination, defense counsel asked Doherty if she recalled "writing to David a letter saying I am sorry about lying to the police." Doherty said that she did not recall the letter, at which point the defense showed it to her. Doherty stated that she did not write it. During re-direct examination, the court permitted the State to show Doherty the letter again and to ask if she wrote it. Again, Doherty denied authoring it. Later, over the defendant's objection, the court ruled that the letter was admissible "as a full exhibit."

■ The defendant argues that the letter was not relevant because there was no evidence linking him to it. To the contrary, the defendant conceded the letter's relevance by using it himself. The defendant's arguments regarding the reasonable inferences to be drawn from the letter go to the weight of this evidence, not its admissibility. *See State v. Ranger*, 142 N.H. 140, 143 (1997). We hold that the trial court did not abuse its discretion in admitting the letter.

█ Although the defendant asserts in his notice of appeal that the letter was inadmissible because it was not authenticated, *see* N.H. R. EV. 901, this issue is waived because it was not briefed. *See State v. Mountjoy*, 142 N.H. 648, 652 (1998).

█ Finally, the defendant argues that the trial court erred when it permitted the State to make prejudicial comments about him in its closing argument. He failed to object to these remarks, however, when the State made them. Accordingly, we may not consider his argument made for the first time on appeal. *See State v. Ross*, 141 N.H. 397, 399 (1996).

*Affirmed.*

JOHNSON, J., sat for oral argument but retired prior to the final vote; THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.