# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0239, <u>State of New Hampshire v. Robert Letoile</u>, the court on June 27, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Robert Letoile, appeals his conviction, following a bench trial in Superior Court (<u>Attorri</u>, J.), on charges of aggravated felonious sexual assault and felonious sexual assault for conduct committed between 2005 and 2010. <u>See</u> RSA 632-A:2 (2007 & Supp. 2009) (amended 2012, 2014, 2017, 2018, 2020); RSA 632-A:3 (Supp. 2009) (amended 2010, 2014, 2017, 2020). He argues that the trial court erred by: (1) not dismissing the case under the double jeopardy clauses of the State and Federal Constitutions; (2) finding that his prior felony convictions were admissible under New Hampshire Rule of Evidence 609; and (3) not finding that his trial counsel provided ineffective assistance under the State and Federal Constitutions. We affirm.

We first address the defendant's double jeopardy argument. The defendant argues that the State was precluded from prosecuting him under the criminal collateral estoppel doctrine because a jury's acquittal of him on sexual assault charges against a different alleged victim in 2011 means that the jury necessarily determined that the conduct charged in this case "simply did not occur." We disagree.

We address the defendant's argument first under the New Hampshire Constitution. <u>State v. Ball</u>, 124 N.H. 226, 231-33 (1983). Under Part I, Article 16 of the New Hampshire Constitution, the criminal collateral estoppel doctrine "mandates that an issue of ultimate fact that has been fully tried and determined cannot again be litigated between the parties in a future prosecution." <u>State v. Hutchins</u>, 144 N.H. 669, 671 (2000). The subsequent prosecution will be barred, however, only if "an essential element of the second prosecution was necessarily determined in the defendant's favor at the first trial." <u>Id</u>. (quotation omitted). The defendant bears the burden to establish that an essential element of the charged offenses was necessarily resolved in the prior case. <u>Id</u>. We conclude that the defendant has not met that burden.

The victim in this case is a different person than the alleged victim in the 2011 trial. As the Trial Court (<u>Honigberg</u>, J.) observed in denying the motion to dismiss, the acts charged in the 2011 trial — that the defendant touched the alleged victim's buttocks on multiple occasions — were qualitatively different

than the acts for which he was convicted in this case — that the defendant intentionally touched the victim's genital opening and used her hand to rub his penis. Indeed, the defendant emphasized in his 2011 trial that the alleged victim only claimed that the defendant had touched the alleged victim's buttocks, and did not claim that the defendant had touched the alleged victim's genitals or had exposed himself to the alleged victim. Moreover, the defendant defended the charges in 2011 by claiming that incidents of touching the alleged victim's buttocks were innocent acts of "tickling" and "teasing" and, thus, that he had not acted with the requisite state of mind. Under these circumstances, we cannot conclude that the jury necessarily determined that the acts charged in this case did not occur when it acquitted the defendant of touching a different victim's buttocks for the purpose of sexual gratification in 2011. See id. at 671-72. Because the Federal Constitution provides the defendant no greater protection than does the State Constitution under these circumstances, see id. at 671; Ashe v. Swenson, 397 U.S. 436, 443-46 (1970), we reach the same result under the Federal Constitution.

We next address whether the trial court erred by admitting the defendant's prior felony convictions under Rule 609. Under Rule 609, evidence that a defendant in a criminal trial in which the defendant testifies was previously convicted of a crime punishable by imprisonment for more than one year generally must be admitted to impeach the defendant "if the probative value of the evidence outweighs its prejudicial effect to that defendant." N.H. R. Ev. 609(a)(1)(B). We review the trial court's decision to admit evidence of a witness's prior conviction under Rule 609 for an unsustainable exercise of discretion. State v. Mayo, 167 N.H. 443, 457 (2015). To establish an unsustainable exercise of discretion, the defendant must demonstrate that the ruling was clearly untenable or unreasonable to the prejudice of his case. Id.

In 2010, the defendant was originally charged with sexually assaulting the victim. In 2011, however, the State entered nolle prosequi on the 2010 charges "due to concerns about the emotional impact it would have on [the victim] to testify at trial," and in 2012, the defendant was convicted on charges of possessing child pornography. At the time of trial in this case, the defendant remained incarcerated on the 2012 child pornography convictions. The State filed a motion in limine seeking to admit evidence of the 2012 felony convictions in the event that the defendant testified, stipulating that, because the nature of the child pornography convictions was "similar to the charged offenses and may appeal to a jury's sympathies," it would "only inquire . . . whether [the defendant had] been convicted of felony offenses and [would] not seek to introduce any information regarding the underlying offense[s]," and that it would agree to a limiting instruction. The Trial Court (Honigberg, J.) granted the motion, as limited by the State's stipulation.

2

The defendant argues that, because the State would not have had the benefit of the 2012 child pornography convictions had it proceeded to trial on the original charges in 2011, it gained a "tactical advantage" by entering nolle prosequi and recharging the defendant years later. Accordingly, the defendant argues that the trial court unsustainably exercised its discretion by allowing the State to impeach him with the 2012 child pornography convictions. As the trial court observed, however, the purpose of Rule 609(a)(1)(B) is to ensure that the defendant is provided a fair trial in which the trier of fact has relevant information to evaluate the credibility of witnesses, not "to put us in the place where we would have been had we tried the case right after [the criminal conduct] happened." The defendant cites no authority standing for the proposition that a trial court cannot allow a defendant to be impeached under Rule 609(a)(1)(B) if the State chooses not to prosecute the defendant at an earlier time, and the defendant is then convicted on unrelated charges. Nor are we aware of any such authority.

Here, by testifying that he did not engage in the sexual assaults described by the victim, the defendant placed his credibility squarely at issue, thereby making the probative value of the convictions high. See id. at 458-59. Moreover, the State stipulated that it would not introduce evidence as to the nature of the 2012 felony convictions and would agree to any limiting instruction the court deemed appropriate, thus ensuring that the prejudicial effect of the convictions would be minimal. See id. at 459. We note that the defendant ultimately waived his right to a jury trial. On this record, we cannot conclude that the trial court's decision to grant the State's motion in limine was clearly untenable or unreasonable to the prejudice of the defendant's case. Id. at 457.

Finally, we address the defendant's argument that his trial counsel provided constitutionally deficient representation for purposes of the State and Federal Constitutions. We note that the defendant has not filed a collateral proceeding seeking to challenge his conviction based upon ineffective assistance of counsel. See State v. Thompson, 161 N.H. 507, 524-28 (2011).

We agree with the State that, because the defendant did not raise this issue in his notice of appeal, it is not preserved. See State v. Blackmer, 149 N.H. 47, 49 (2003). Even if the defendant had preserved his ineffective assistance of counsel claims, however, we conclude that this is not the "extraordinary case" in which the factual basis for the claims "appears indisputably on the trial record." Thompson, 161 N.H. at 527 (quotation omitted). Under the circumstances, we decline to address the defendant's ineffective assistance of counsel claims as part of this direct appeal, without

prejudice to the defendant raising the claims in a collateral proceeding in superior court.  See id.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**