(920 P.2d 460)

No. 73,465

STATE OF KANSAS, *Appellee*, v. MICHAEL T. BROWN, *Appellant*.

Opinion filed June 28, 1996.

*Danny Saville*, of Wichita, for the appellant.

*Charles R. Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before ELLIOTT, P.J., LEWIS and GREEN, JJ.

LEWIS, J.: Defendant was convicted of driving under the influence of alcohol (DUI) and driving left of center. He appeals from those convictions.

We affirm.

Defendant first argues that all of the evidence obtained from the stop of his vehicle was inadmissible because the stop was illegal. He raised this issue to the trial court by way of a motion to suppress, which was denied.

The facts show that Deputy Michael Lowery was at a convenience store in the early morning hours on the day of defendant's arrest. While he was at the store, a motorist pulled in and reported seeing a pickup being driven erratically.

Deputy Lowery drove in the direction he was told the pickup was heading and observed the pickup about ¾ of a mile ahead of him. He began following the vehicle and saw it cross left of center four separate times. He also saw the vehicle drive off the shoulder and weave within its own lane.

On the basis of the repeated left of center violations, Deputy Lowery stopped the vehicle. Defendant was driving the vehicle, his eyes were watery and bloodshot, and he smelled of alcohol. Defendant admitted he had been drinking, and the officer determined that defendant could not pass the field sobriety tests. He was taken to the law enforcement center, where a breath test was administered, and his blood alcohol concentration was determined to be .179.

After hearing the evidence, the trial court found defendant guilty of DUI, in violation of K.S.A. 1993 Supp. 8-1567(a)(3).

In denying defendant's motion to suppress, the trial court indicated it based its decision on the officer's testimony that he had observed defendant drive left of center four different times.

We agree with the trial court. The officer observed defendant commit four left of center violations, which furnished ample grounds for stopping the vehicle. "The officer making the stop must be able to articulate the basis for his reasonable suspicion. What is reasonable is based on the totality of circumstances and is viewed in terms as understood by those versed in the field of law enforcement." *State v. Toney*, 253 Kan. 651, 656-57, 862 P.2d 350 (1993).

In *State v. Field*, 252 Kan. 657, 660-61, 847 P.2d 1280 (1993), the Supreme Court held that a police officer was authorized, pursuant to K.S.A. 22-2402(1), to stop a vehicle driving erratically, *even absent a traffic violation*, on the reasonable suspicion that the driving might be impaired in some manner, as a public safety precaution. In *Field*, weaving within the car's own lane was found to be sufficient grounds to justify the stop.

On the basis of *Toney* and *Field*, we hold that the officer in this case had probable cause to stop defendant's vehicle. The trial court's decision denying defendant's motion to suppress is supported by substantial competent evidence and is affirmed. See *State v. Toney*, 253 Kan. at 656.

The original complaint filed in this case charged defendant with driving with a blood alcohol concentration of .10 or above. The law was changed in July 1993, reducing the standard to .08 or above. In light of this change in the law, the State moved to amend its

complaint to conform to the new law, and the trial court granted the motion. Defendant argues on appeal that the trial court erred in granting the State's motion to amend.

The standard of review on this issue is abuse of discretion. See *State v. Woods*, 250 Kan. 109, 115, 825 P.2d 514 (1992). We find none in this case. The amendment took place before the trial began and was one of a technical nature and did not prejudice or hamper defendant. Defendant's blood alcohol concentration was .179, well above both .08 and .10. In addition, defendant was convicted under K.S.A. 1993 Supp. 8-1567(a)(3), which does not contain any blood alcohol requirement.

Defendant's argument is without merit. The trial court did not err in allowing the amendment.

Finally, defendant argued that his right to a speedy trial was violated.

He bases his argument on K.S.A. 22-3402(2), which provides:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant."

Defendant was brought to trial on the charges within 170 days of his arraignment. If we subtract out the continuances that are chargeable to defendant, he was brought to trial within 107 days.

Defendant makes a novel argument. He does not argue that he was denied a speedy trial based upon delay in bringing him to trial. He argues that the trial itself took too long to complete.

We agree that the trial was unusually protracted. It was conducted on 3 separate days. However, approximately 3 months passed between the first and second days of the trial, and approximately 1 month passed between the second and third days of the trial. Defendant argues that the State had an obligation to complete his trial within the 180-day time format.

Defendant's argument is without merit. It is clear that his trial was not completed within 180 days. However, K.S.A. 22-3402 requires only that a defendant be brought to trial within 180 days of his or her arraignment; it does not require that the trial be con-

cluded within that time frame. We are aware of no authority, statutory or otherwise, nor does defendant supply us with any, that requires a trial to be started and completed within 180 days or within any specific time frame.

We are at a loss as to why the trial took so long to complete. It appears that some of the delay is attributable to the trial judge's schedule, and part of the delay is attributable to the parties. At one point, the trial court said:

"I just want this case to be done. This is a DUI trial that has been—on many situations it's been my fault that it's been continued because of court matters I've had. But it's been continued many times for you as well, Mr. Saville. To convenience your witness, Ms. Daniels, was part of the problem on at least one occasion."

It appears from the trial court's comments that there is enough blame to spread among the trial court and both parties to this action. The record, however, does not permit us to determine anything more than this general observation. The record is simply not sufficient to indicate who is principally to blame for the 4-month period of time over which this case was tried.

We suspect there may exist some reasonable time frame within which a trial should be completed. However, defendant has failed to show us that his rights were violated in this case or that he was in any way prejudiced by the delay in completing his trial. He has further failed to show us that all of the delay in completing this trial is the fault of the State. Defendant has failed to show us that any circumstances exist upon which we might hold that his trial was not completed within a reasonable time.

We hold the speedy trial rights specified by K.S.A. 22-3402 apply only to the commencement of the trial. In this case, defendant was *brought to trial* within 180 days of his arraignment, and his speedy trial rights were not violated by the procedures followed.

Affirmed.