Nashua District Court
No. 96-184

### THE STATE OF NEW HAMPSHIRE

v.

### GREGORY COURTEMARCHE

May 14, 1998

*Philip T. McLaughlin*, attorney general (*Cynthia L. White*, senior assistant attorney general, on the brief and orally), for the State.

*Donald E. Bisson*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BRODERICK, J. The State appeals the dismissal by the Nashua District Court (*Howorth*, J.) of its second complaint charging the defendant, Gregory Courtemarche, with driving while intoxicated (DWI), second offense, *see* RSA 265:82 (1993 & Supp. 1997) (amended 1995, 1996); RSA 265:82-b, I(b) (1993) (amended 1995, 1996, 1997). We reverse.

In June 1994, the Nashua District Court issued "Court Administrative Objectives." The objectives note that they "are not to be considered policies, local rules or standards of performance." They also specifically provide that "once a case is on the list and the case is called, jeopardy will ordinarily be considered to have attached."

In February 1995, the defendant was arrested for, *inter alia*, driving while intoxicated, second offense. In April, the Nashua District Court called the defendant's case for trial. Before the district court heard any evidence, however, the State *nol prossed* the complaint. In response, the district court noted that because the defendant was present and the case had been called for trial, jeopardy had attached.

The State later returned to the district court and filed another complaint for the same offense. After a hearing, the district court dismissed the second complaint on double jeopardy grounds, noting its earlier observation at the time the original complaint was *nol prossed*. In so ruling, the district court relied on its interpretation of federal double jeopardy principles and its "need to resolve the potential vagaries of district court practice." The defendant has since conceded that because jeopardy does not attach in bench trials until the judge begins to hear evidence, *see, e.g., United States v. Bonilla Romero*, 836 F.2d 39, 42 (1st Cir. 1987), *cert. denied*, 488 U.S. 817 (1988), the district court erred in its analysis. We agree.

Under the Federal Constitution, jeopardy attaches when a trial commences. *Id.* This moment occurs in a jury trial "when a jury

is sworn or empanelled or, in a bench trial, when the judge begins to hear evidence." *Id.* Accordingly, the Nashua District Court erred by relying on federal double jeopardy principles to conclude that jeopardy attached before the trial began.

■ The district court's further justification — "the need to resolve the potential vagaries of district court practice" — is equally uncompelling. *See In re 1994 Chevrolet Cavalier*, 142 N.H. 705, 707, 708 A.2d 397, 398 (1998) (reviewing double jeopardy determination *de novo*); *see also Serfass v. United States*, 420 U.S. 377, 387 (1975) (protection from double jeopardy ensures that defendants will not be "subjected to the hazards of trial and possible conviction more than once for an alleged offense" (quotation omitted)). Protection from double jeopardy is grounded in the State and Federal Constitutions, *see* N.H. CONST. pt. 1, art. 16; U.S. CONST. amend V, not in the need to control court dockets and procedures, as expressed in administrative objectives.

■ The defendant asserts that in relying upon its administrative objectives to find that jeopardy attached, the Nashua District Court properly exercised its authority to curb the State's discretion in charging decisions. The State has broad discretion concerning pretrial matters, particularly decisions to *nol pros. See State v. Smith*, 49 N.H. 155, 157 (1870) (recognizing State's *nol pros* decision as State's prerogative); *cf. State v. Pond*, 133 N.H. 738, 741, 584 A.2d 770, 771 (1990) (barring subsequent retrial where State *nol prossed* after trial began and jeopardy had attached). The State's discretion, however, is not unlimited, for the trial courts are empowered to curb that discretion where it is used to inflict confusion, harassment, or other unfair prejudice upon a defendant. *See, e.g., State v. MacLeod*, 141 N.H. 427, 434, 685 A.2d 473, 479 (1996) (recognizing trial court's authority to curb overcharging by prosecutor that constitutes harassment); *see also State v. Gosselin*, 117 N.H. 115, 119, 370 A.2d 264, 268 (1977). Unlike sweeping administrative objectives, however, the exercise of this authority requires individual, case-by-case decision-making, and is more likely to safeguard the rights of the parties. Consequently, the district court's reliance on an administrative objective is misplaced.

We recognize the difficulties encountered by our trial courts in the efficient administration of their dockets. Where their efforts to ease the burden inappropriately affect a defendant's rights or the State's

discretion, however, their actions will not survive judicial review. Such is the case here.

*Reversed.*

All concurred.