Plaistow District Court
No. 2002-732

THE STATE OF NEW HAMPSHIRE

v.

NICHOLAS ALLEN

Argued: October 15, 2003
Opinion Issued: December 5, 2003

*Peter W. Heed*, attorney general (*Jeffrey S. Cahill*, senior assistant attorney general, on the brief and orally), for the State.

*Law Office of Mark Stevens*, of Salem (*Mark Stevens* on the brief and orally), for the defendant.

DALIANIS, J. The defendant, Nicholas Allen, appeals his conviction in Plaistow District Court (*Hurd*, J.) for misdemeanor criminal mischief under RSA 634:2 (1996). He argues that the district court erred by not dismissing the charge for lack of a speedy trial. We affirm.

The following facts are relevant to our review. The defendant was arrested either on October 16, 2001, or October 25, 2001, and charged by complaint with misdemeanor criminal mischief. Trial was originally scheduled for January 3, 2002, but the State requested a continuance and trial was rescheduled for January 14, 2002. The defendant appeared for trial on January 14, and his alibi witness was present. The State, however, entered a *nolle prosequi*, which terminated the prosecution, in order to conduct further investigation to strengthen its case against the defendant. The defendant objected on speedy trial grounds.

The State filed a new complaint on May 15, 2002. A trial date was set for August 22, 2002, approximately ten months after the defendant's first arrest. The defendant moved to dismiss the complaint based on speedy

trial grounds. The trial court denied the motion to dismiss and found the defendant guilty on August 29, 2002. This appeal followed.

The defendant argues that the ten-month delay between his arrest and his trial violated his right to a speedy trial under the Sixth Amendment to the United States Constitution and Part I, Article 14 of the New Hampshire Constitution.

We first address the issue under the New Hampshire Constitution, and cite federal opinions for guidance only. *State v. Ball*, 124 N.H. 226, 231-33 (1983). We defer to the trial court's factual findings unless those findings are clearly erroneous, and consider *de novo* the court's conclusions of law with respect to those factual findings. *State v. Locke*, 149 N.H. 1, 7 (2002).

In determining whether a defendant's right to a speedy trial has been violated under the State Constitution, we apply the four-part test articulated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *State v. Cole*, 118 N.H. 829, 831 (1978). This test requires us to balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant caused by the delay. *Locke*, 149 N.H. at 8. If the length of the delay is not presumptively prejudicial, however, we do not consider the remaining three factors. *Id.*

The threshold inquiry is the length of the relevant delay. The defendant argues that the entire time from his arrest in October 2001 until trial in August 2002 should count toward the delay, notwithstanding the State's *nolle prosse* of the case in January and refiling of the charge in May. The State contends that the four months between the *nolle prosequi* and the refiling of the charge are excluded from the relevant delay because "once charges are dismissed, the speedy trial guarantee is no longer applicable." *United States v. MacDonald*, 456 U.S. 1, 8 (1982).

The entry of a *nolle prosequi* serves as the functional equivalent of a dismissal; therefore, the case is no longer pending after it is *nolle prossed*. *State v. Coolidge*, 109 N.H. 426, 427 (1969); 2 R. MCNAMARA, NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 587, at 8 (1997). The First Circuit Court of Appeals stated in *United States v. Colombo*, 852 F.2d 19, 24 (1st Cir. 1988), that "[s]ince a person who is 'between indictments' is no longer the subject of public accusation, we do not count the time between indictments in assessing the length of time one has been 'accused.'" Even though the individual may be aware of the ongoing investigation and likely prosecution, he is not subject to the restraints of liberty that the Sixth Amendment to the United States Constitution and Part 1, Article 14 of the New Hampshire Constitution

seek to prevent. *See id*; *see also MacDonald*, 456 U.S. at 8-9; *cf.* 18 U.S.C. § 3161(h)(6) (2002) (provision of United States Speedy Trial Act excluding time between indictments when calculating relevant length of delay).

▋ We have held that when the State enters a *nolle prosequi* in good faith and later recharges a defendant, we do not include the time between the *nolle prosequi* and the refiling for speedy trial analysis. *State v. Adams*, 133 N.H. 818, 823 (1991); *see also Colombo*, 852 F.2d at 23-24; *State v. Gaston*, 503 A.2d 594 (Conn. 1986). Thus, whether the four-month period in this case between the *nolle prosequi* and the refiling of the charge is included in the relevant length of delay depends upon whether the State acted in good faith when it *nolle prossed* the charge.

The State has broad discretion concerning pretrial matters, particularly decisions to *nolle prosse*. *State v. Courtemarche*, 142 N.H. 772, 774 (1998). The power to enter a *nolle prosequi* exists in the prosecuting officer. *State v. Pond*, 133 N.H. 738, 741 (1990). The court has no right to interfere in its exercise. *Id.* While some jurisdictions have abrogated the common law rule and require the court's permission before the prosecution may *nolle prosse* a case, such is not the rule in New Hampshire. *Pond*, 133 N.H. at 741. The State's discretion, however, is not unlimited, for the trial courts are empowered to curb that discretion where it is used to inflict confusion, harassment, or other unfair prejudice upon a defendant. *Courtemarche*, 142 N.H. at 774; *see also Bokowsky v. State*, 111 N.H. 57, 59 (1971). Where there is a finding of bad faith on the State's part in *nolle prossing* a case, then the time counted for speedy trial analysis will continue to run. *See Adams*, 133 N.H. at 823; *Gaston*, 503 A.2d at 595-96.

▋▋ When entering the *nolle prosequi* in this case, the State explained that it needed more time to investigate some inconsistencies in its case because it believed it could not meet its burden of proof at that time. The State may enter a *nolle prosequi* for various reasons, and we have found it permissible to *nolle prosse* a case where the evidence will not sustain the charge as alleged. *Bokowsky*, 111 N.H. at 59; *see also* MCNAMARA, *supra* § 585, at 7. There was no contention or finding that the State entered the *nolle prosequi* with the purpose to inflict confusion or to harass the defendant. On this record, we are unable to conclude that the *nolle prosequi* was entered in bad faith.

Because the *nolle prosequi* was not entered in bad faith, the time after the *nolle prosequi* is excluded from the length of delay for speedy trial purposes. Thus, the relevant delay includes the time between the October 2001 arrest and the January *nolle prosse* of the case, and the time between

the refiling in May 2002 and the August 22, 2002 trial. The relevant delay is approximately six months.

■ Both the defendant and the State argue that the delay must be nine months or more to be presumptively prejudicial; however, we held in *State v. Bain*, 145 N.H. 367, 374 (2000), that where a defendant charged with a misdemeanor is not in jail, we do not consider a pretrial delay of fewer than six months to be presumptively prejudicial. *Cf.* SUPER. CT. R. APP. (Superior Court Speedy Trial Policy). The State contends the date of arrest was October 25, 2001, which would make the pretrial delay just under six months and not presumptively prejudicial. The defendant asserts that he was arrested on October 16, 2001, which would make the relevant delay just over six months and presumptively prejudicial. The trial court did not resolve this factual dispute.

Assuming, without deciding, that the relevant delay is just over six months and, therefore, presumptively prejudicial, we turn to the remaining three factors of the *Barker v. Wingo* test.

■ The second factor requires that we assess why the trial has been delayed, to which party the delay is attributable, and how much weight to give the delay. *Locke*, 149 N.H. at 8. In considering the second factor, we initially discount any delays that were prompted by the defendant because he cannot take advantage of delay that he has occasioned. *State v. Fletcher*, 135 N.H. 605, 607 (1992). In this case, the State offered trial dates in July and early August, but the defendant chose the August 22, 2002 trial date. This leaves approximately four months subject to further analysis.

■ The four-month delay was due to scheduling conflicts; the trial court scheduled this case for trial in January after the October arrest, and then made available time throughout July and August after the May refiling. When the reason for the delay is the vicissitudes of scheduling, the delay does not weigh heavily against the State. *See State v. Colbath*, 130 N.H. 316, 319 (1988).

■ The defendant asserted his right to a speedy trial at the January hearing and again in August, thus satisfying the third factor of the *Barker v. Wingo* test.

■ The last factor requires us to determine whether and to what extent the defendant suffered prejudice. *See Locke*, 149 N.H. at 9. We generally recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.

*Id.* The four-month period of delay in this case, that was caused largely by scheduling conflicts, was not so excessive as to have compromised the trial. The defendant's alibi witness was present and testified at the August trial, and the defendant was afforded the opportunity to present the same case in August that he would have presented in January. Furthermore, the dimming of memories alone is insufficient to constitute prejudice for the purposes of a speedy trial claim. *Id.* at 10.

On this record, we conclude that the length of the delay does not weigh heavily against the State and that the defendant did not suffer prejudice as a result of the delay. Thus, under a *Barker v. Wingo* analysis, the defendant's right to a speedy trial was not violated.

The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances. *See Barker*, 407 U.S. at 530; *Locke*, 149 N.H. at 8. Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

*Affirmed.*

BRODERICK and DUGGAN, JJ., concurred; NADEAU, J., with whom BROCK, C.J., joined, concurred specially.

NADEAU, J., concurring specially. I write specially because I disagree with the majority on part one of the *Barker* analysis.

Under *Barker v. Wingo*, 407 U.S. 514, 530 (1972), initially, we must determine the length of the delay. Here, the State entered a *nolle prosequi* on January 14, 2002, and filed a new complaint on May 15, 2002. While the State has broad discretion to *nolle prosse*, its discretion "is not unlimited, for the trial courts are empowered to curb that discretion where it is used to inflict confusion, harassment, or other unfair prejudice upon a defendant." *State v. Courtemarche*, 142 N.H. 772, 774 (1998).

The majority's statement that "[t]he court has no right to interfere in [the State's] exercise [of a *nolle prosequi*]," while accurate, fails to give enough deference to our ability to judge "the effect of the act, when done, or, of the legal consequences, which may follow from it." *State v. Pond*, 133 N.H. 738, 741 (1990). When the State attempts to exercise its discretion to *nolle prosse* with impunity, we should exercise our judgment to determine the legal consequences of its decision. *See id.*

Where the State's decision to *nolle prosse* lacks good faith, the time between the *nolle prosequi* and the refiling of charges must count toward our speedy trial analysis. *See State v. Adams*, 133 N.H. 818, 823 (1991). Here, because I believe the *nolle prosequi* was entered to avoid the

consequences of either the granting of a motion to continue, for which speedy trial time would continue to run, or the denying of the motion to continue, which would require the State to proceed to a trial for which it was not prepared, the State's decision to *nolle prosse* lacked good faith. While the State has the discretion to *nolle prosse*, it must face the legal consequences of its decision. *See Pond,* 133 N.H. at 741. Therefore, here, regardless of the exact arrest date, the approximate delay of ten months between the defendant's arrest and the trial date was presumptively prejudicial. *Cf. State v. Bain,* 145 N.H. 367, 374 (2000); SUPER. CT. R. APP. (Superior Court Speedy Trial Policy).

Although I would find a longer delay, the only result of the delay was the dimming of the memory of an alibi witness, which alone is insufficient to constitute prejudice. *See State v. Locke,* 149 N.H. 1, 10 (2002). Therefore, after balancing the four *Barker* factors, I agree that the defendant's right to a speedy trial was not violated. Accordingly, I concur in the result.

BROCK, C.J., joins in the special concurrence.