Portsmouth District Court
No. 2003-682

THE STATE OF NEW HAMPSHIRE

v.

KRISTEN CHACE

Argued: June 10, 2004
Opinion Issued: August 26, 2004

*Peter W. Heed*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the brief and orally), for the State.

*Andrew F. Cotrupi*, of Hampton, on the brief and orally, for the defendant.

*Brennan, Caron, Lenehan & Iacopino*, of Manchester (*Michael J. Iacopino*, on the brief), for New Hampshire Association of Criminal Defense Lawyers, as *amicus curiae*.

NADEAU, J. The State of New Hampshire appeals a decision of the Portsmouth District Court (*DeVries*, J.) granting the motion to dismiss the charges brought against the defendant, Kristen Chace, for driving while intoxicated. *See* RSA 265:82, :82-b, I (Supp. 2003). We reverse and remand.

On July 11, 2003, the defendant was arrested and charged with "driv[ing] a certain motor vehicle on a way known as South Street while under the influence of intoxicating liquor." The complaint informed her that she was required to appear before the district court on the morning of July 18. Because the defendant refused to take a breathalyzer test, the State initiated a separate administrative license suspension (ALS) proceeding against her. *See* RSA 265:92 (Supp. 2003).

On July 14, the defendant received a letter from a Rockingham assistant county attorney. The letter explained both the minimum and maximum statutory penalties for the violation of driving under the influence, which included fines, loss of license and attendance at an approved alcohol program. It also indicated that if the defendant elected "to enter a plea of *guilty* at Arraignment, then the State will recommend the statutory **minimum penalties**." The letter further explained that if she elected to plead not guilty at the arraignment, then a trial would be scheduled, and that she could change her plea to guilty at any time prior to trial. The letter concluded, "However, after arraignment the State will recommend a higher sentence should you later decide to change your plea to *guilty*; the State **will not** be recommending the statutory minimums offered at the time of your arraignment." The letter did not refer to the ALS procedure, which could result in an additional, consecutive license suspension.

The defendant filed a motion to dismiss arguing that the letter written by the State was misleading and constituted prosecutorial vindictiveness. She argued it was misleading because it failed to mention the ALS procedure and the fact that the prosecutor retains discretion throughout the process to make sentencing recommendations. The State objected, contending that the letter was based upon an understanding that the

minimum sentence is appropriate where a defendant takes responsibility at arraignment, and that nothing prevented the defendant from consulting an attorney at any time. The State argued that all plea offers are mere recommendations to the defendant and the court, and that final decisions rest with the court.

The trial court granted the motion, finding that the letter was inaccurate and misleading. Although the court noted that it did not "think the State, in sending these letters, [wa]s motivated by vindictiveness," it found that the letter confused the defendant to the point of incurring harm. Thus, the court dismissed the case after consideration of lesser remedies.

On appeal, the State argues that the trial court erred in its ruling because the State had no obligation to inform the defendant about the ALS procedure. Alternatively, the State contends that the court should not have dismissed the case because the defendant suffered no prejudice. The defendant argues that the record supports the trial court's decision. She also contends that the State violated her due process rights under the New Hampshire Constitution. *See* N.H. CONST. pt. I, art. 15.

Part I, Article 15 of the New Hampshire Constitution provides, in pertinent part: "No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by ... the law of the land." It is well established that "law of the land" connotes due process. *State v. Denney*, 130 N.H. 217, 220 (1987). We need not discuss any federal due process issue since this issue is not briefed on appeal, and thus is deemed waived. *See id.* We will not set aside the trial court's findings unless it committed an unsustainable exercise of discretion. *State v. Laforest*, 140 N.H. 286, 289 (1995); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

At the outset, we note that *State v. O'Leary*, 128 N.H. 661 (1986), a case upon which the State relies, is distinguishable. In *O'Leary*, the defendant sought to enforce a plea agreement that purportedly had been reached with the county attorney. *O'Leary*, 128 N.H. at 663. Here, the defendant is not trying to enforce the plea offered by the State, but rather argues that the offer is facially inaccurate and misleading. Thus, due process considerations in the instant case are different from those discussed in *O'Leary*.

Next, we address the contents of the letter to determine if there were any inaccurate or misleading statements that may amount to a due process violation. The defendant argues that the letter violates due process by failing to mention the ALS procedure. We disagree. A collateral consequence of a plea or conviction is one that does not have a "definite,

immediate and largely automatic effect on defendant's punishment." *People v. Ford*, 657 N.E.2d 265, 267 (N.Y. 1995). "The failure to warn of such collateral consequences will not warrant vacating a plea because they are peculiar to the individual and generally result from the actions taken by agencies the court does not control." *Id.* at 268. We have recognized that the ALS procedure is a collateral consequence to a charge of driving while intoxicated. *See Denney*, 130 N.H. at 221-22. Accordingly, we agree with the State that "a defendant need not be informed, before pleading guilty to a charge of driving while intoxicated, that as a collateral consequence of his conviction, his driver's license will be suspended." *Moore v. Hinton*, 513 F.2d 781, 782-83 (5th Cir. 1975).

■ Next, the defendant argues that the letter violates due process because it conditions a leniency recommendation on the defendant's waiver of her constitutional rights. We have stated before that a plea bargain standing alone is without constitutional significance because it is merely an executory agreement, which, "until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest." *Laforest*, 140 N.H. at 290 (quotation omitted). This principle, however, does not authorize the State to provide the defendant with inaccurate and misleading information during the plea bargaining process. "[T]rial courts are empowered to curb [the State's] discretion where it is used to inflict confusion, harassment, or other unfair prejudice upon a defendant." *State v. Courtemarche*, 142 N.H. 772, 774 (1998). Here, the State voluntarily undertook the task of informing the defendant concerning the consequences of a plea. In doing so, the State has a responsibility to describe fairly and accurately such consequences. In this instance, we agree with the trial court that the letter written by the State failed to meet this burden.

■ In its letter, the State explained to the defendant that should she decide to change her plea to guilty after arraignment, "the State *will not* be recommending the statutory minimums offered at the time of [her] arraignment." At the hearing, however, the State conceded that in practice this statement was inaccurate because the prosecutor retains discretion to make recommendations throughout the process. Implicit in this letter was also the notion that the prosecutor, rather than the court, exercises ultimate control over the defendant's sentence. It is uncontroverted that the authority to sentence a defendant is vested in the court. *Cf. State v. Jeleniewski*, 147 N.H. 462, 469 (2002). Therefore, as to this portion of the letter, the trial court's finding that the letter was misleading was a sustainable exercise of discretion.

■ Our analysis, however, does not end here. When a court dismisses a case for prosecutorial misconduct, absent actual prejudice and consideration of lesser remedies, the defendant benefits from a windfall, and the price is paid by the public, not the prosecutor. *State v. Cotell,* 143 N.H. 275, 281 (1998). The sanction of dismissal with prejudice is, therefore, reserved for extraordinary circumstances, and should not be wielded, for instance, where a prosecutor fails to act, but has not actually prejudiced the defendant. *Id.* Thus, in order to prevail in her due process challenge, the defendant must establish that she suffered prejudice.

The defendant argues that because the prosecutor initially offered to recommend a sentence of loss of license for ninety days, and the proceedings resulted in a six-month ALS suspension, she suffered prejudice. We disagree.

First, as we noted above, the ALS procedure is collateral. Second, RSA 265:92, II mandates that the ALS suspension period "shall be imposed in addition to any other penalty provided by law." Thus, even if the defendant had received the maximum license suspension penalty under the law, any additional ALS suspension would still run consecutive to that sentence.

■ The defendant further argues that had she pled guilty at arraignment, the State would have withdrawn the ALS suspension, as she argues it routinely does after a guilty plea has been entered, thereby establishing prejudice. Other than the defendant's argument to the trial court and on appeal, however, there is no evidence, on the record before us, that the State offered to withdraw the defendant's ALS suspension or would have done so if she had pled guilty. Accordingly, she cannot show that she was prejudiced. Therefore, the trial court erred in dismissing the case, because the defendant did not suffer any prejudice as a result of the prosecution's conduct. *See Cotell,* 143 N.H. at 281. On remand, the trial court may consider whether, under its authority to curb the State's discretion where it is used to inflict confusion or other unfair prejudice upon a defendant, *Courtemarche,* 142 N.H. at 774, a lesser curative measure or sanction is warranted under the circumstances presented. *See Cotell,* 143 N.H. at 281.

Finally, we note that "[a]lthough this case does not present circumstances warranting the harshest of penalties, we do not condone the prosecutor's conduct," *id.,* and we strongly disapprove of any practice that may encourage circumvention of constitutional rights.

*Reversed and remanded.*

DALIANIS, DUGGAN and GALWAY, JJ., concurred.