# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0614, <u>State of New Hampshire v. Harvey Martel</u>, the court on September 17, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Harvey Martel, appeals his conviction, following a jury trial in Superior Court (<u>Temple</u>, J.), for aggravated felonious sexual assault (AFSA). <u>See</u> RSA 632-A:2, I(j) (2007). He argues that the trial court erred when it denied his motion to dismiss in which he asserted that the State acted in bad faith when it entered a <u>nolle</u> <u>prosequi</u> on the day that his trial was to begin and subsequently indicted him for the same conduct. He asserts that: (1) the trial court should have dismissed the second indictment as the "legal consequence[]" of the State's bad faith decision to enter a <u>nolle</u> <u>prosequi</u> on the charges; and (2) the trial court's ruling violated his right to a speedy trial under the State and Federal Constitutions. We affirm.

The following facts are relevant to our review. In March 2004, the defendant was indicted on one count of AFSA and one count of misdemeanor sexual assault for acts he allegedly committed against the victim in November 2002. Between 2004 and 2008, a trial was scheduled sixteen times, but each time it was continued. In May 2008, the Trial Court (<u>Lynn</u>, C.J.) issued an order "specially assign[ing]" the case for trial on June 16, 2008, and stating that "[t]here shall be no further continuances of [the] trial date."

On the morning of trial, the State filed a motion to continue, representing that the victim had failed to appear for a scheduled pretrial appointment earlier that week, and, since that time, the State had been unable to locate her. Given the absence of the complaining witness, the State explained that it would "<u>nol</u> <u>pros</u> the indictment if the motion to continue was denied; in effect, . . . there would be no trial on [June 16]." Before receiving the trial court's ruling on the motion to continue, the State entered a <u>nolle</u> <u>prosequi</u> on each of the charges. The defendant subsequently filed petitions to annul the record of his arrest and indictments. The State did not object, and the annulments were granted.

In June 2012, a grand jury issued a new AFSA indictment alleging the same conduct as alleged in the 2004 AFSA indictment. The defendant filed a motion to dismiss, arguing that the State had violated his rights to a speedy trial and due process when it entered a <u>nolle</u> <u>prosequi</u> on the AFSA indictment in 2008 but then indicted him four years later based upon the same conduct. The defendant asserted that the State acted in bad faith by entering a <u>nolle</u>

prosequi to, in effect, give itself the continuance that the trial court had stated that it would not grant.

The State objected, contending that it "did not drop the charges [in 2008] as a tactical move to allow it more time to prepare for trial; they were dropped because the State felt that a prosecution was no longer viable" due to the disappearance of the complaining witness. The State explained that it entered a nolle prosequi with the intent that the case would be closed, and issued the 2012 AFSA indictment only after the victim contacted the State and asked it to refile the charges against the defendant.

After a hearing, the Trial Court (Temple, J.) accepted the State's explanation and concluded that the 2008 nolle prosequi was not entered "to inflict confusion, harassment or other unfair prejudice." The trial court found that the State did not act in bad faith, and denied the defendant's motion to dismiss. Following a trial in 2014, the defendant was convicted on the AFSA charge. This appeal followed.

The defendant first argues that the four-year delay between the State's entry of a nolle prosequi in 2008 and the 2012 indictment resulted in a violation of his right to a speedy trial under Part I, Article 14 of the New Hampshire Constitution and the Sixth Amendment to the United States Constitution. See N.H. CONST. pt. I, art. 14; U.S. CONST. amend. VI. The defendant contends that, because the State acted in bad faith when it entered a nolle prosequi on the indictments, the four-year period between the State's 2008 nolle prosequi and his re-indictment in 2012 resulted in an unconstitutional delay of his trial. The defendant does not assert that either the time period prior to the State's entry of a nolle prosequi or the time period between the denial of his motion to dismiss and his trial resulted in a violation of his speedy trial right. The State counters that its action in entering a nolle prosequi was taken in good faith, and, therefore, the four-year period should not be counted for the purposes of a speedy trial analysis.

We first address this argument under the State Constitution, and cite federal opinions for guidance only. State v. Ball, 124 N.H. 226, 231-33 (1983). We defer to the trial court's factual findings unless those findings are clearly erroneous, and consider de novo the court's conclusions of law with respect to those factual findings. State v. Allen, 150 N.H. 290, 292 (2003).

In determining whether a defendant's right to a speedy trial has been violated under the State Constitution, we apply Barker v. Wingo, 407 U.S. 514, 530 (1972), which requires that we balance the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant. State v. Brooks, 162 N.H. 570, 581 (2011). However, if the length of the delay is not "presumptively prejudicial," we do not consider the remaining three factors. Id.

2

The threshold inquiry, therefore, is the length of the relevant delay. A delay of over nine months in a felony case is considered presumptively prejudicial. Id. The period of delay begins to run when the defendant is arrested or charged, whichever event occurs first. Id. We have held that if the State enters a nolle prosequi in good faith and later recharges a defendant, the time period between the nolle prosequi and the institution of new criminal charges will not be counted against the State for purposes of a speedy trial analysis. Allen, 150 N.H. at 293. Thus, whether the four-year period in this case between the nolle prosequi and the refiling of the AFSA charge is included in the relevant length of delay depends upon whether the State acted in good faith when it entered the nolle prosequi.

The defendant asserts that the State used the nolle prosequi "as a means to bypass the authority of the trial court and to usurp its ability to balance and control its demanding docket to obtain a continuance," which, he asserts, constitutes bad faith. The State counters that it acted in good faith because it entered a nolle prosequi to ensure that "the case would not be dismissed with prejudice if the trial went forward without the complaining witness."

The power to enter a nolle prosequi exists in the prosecuting officer; the court has no right to interfere in its exercise. Id. Although "some jurisdictions have abrogated the common law rule and require the court's permission before the prosecution may nolle prosse a case, such is not the rule in New Hampshire." Id. The State's discretion, however, is not unlimited. The trial court can judge "the effect of the [nolle prosequi] . . . or . . . the legal consequences, which may follow from it." State v. Pond, 133 N.H. 738, 741 (1990). Trial courts are empowered to remedy an exercise of prosecutorial discretion — such as entering a nolle prosequi — that "is used to inflict confusion, harassment, or other unfair prejudice upon a defendant." Allen, 150 N.H. at 293.

Here, the State explained that it entered a nolle prosequi because the complaining witness could not be located. The State may enter a nolle prosequi on a charge when the evidence will not sustain the charge as alleged, see id., and we have recognized that, for the purposes of a speedy trial analysis, "a valid reason, such as a missing witness, should serve to justify appropriate delay." Humphrey v. Cunningham, Warden, 133 N.H. 727, 735 (1990) (quotation omitted). Moreover, the defendant concedes that the "State's intention may not have been to inflict confusion, harassment, or unfair prejudice upon" the defendant. Accordingly, we agree with the trial court's conclusion that, under "the unique and [atypical] circumstances of the case at that particular time," the State "was doing the right thing . . . [and] what justice required" when it entered a nolle prosequi. Thus, on this record, we conclude that the trial court's finding that the State did not enter a nolle prosequi in bad faith was not clearly erroneous. See Allen, 150 N.H. at 292.

3

Because the <u>nolle prosequi</u> was not entered in bad faith, the time between the 2008 <u>nolle prosequi</u> and the 2012 indictment is excluded from the length of delay for purposes of the speedy trial analysis.  <u>Id</u>. at 293.  Thus, the proper measure of the delay for the purposes of a speedy trial analysis would include the 51-month period between the defendant's March 2004 indictment and the June 2008 <u>nolle prosequi</u> of the case, and the 24-month period between the re-filing in June 2012 and the 2014 trial.  <u>See id</u>. at 293-94 (calculating relevant delay period absent finding that <u>nolle prosequi</u> was entered in bad faith).  The defendant, however, has not argued that this 75-month time period violated his speedy trial right.  Accordingly, we need not consider this time period in our speedy trial analysis.  <u>See State v. Bisbee</u>, 165 N.H. 61, 69 (2013).

Given that the defendant argues only that the four-year period when he was not under indictment resulted in an unconstitutional delay, and because we have concluded that this 48-month period cannot be included in the length of delay for the purposes of a speedy trial analysis because the State did not enter a <u>nolle prosequi</u> in bad faith, the defendant has failed to identify a "presumptively prejudicial" delay as required under the first <u>Barker</u> factor.  <u>See Brooks</u>, 162 N.H. at 581.  Thus, we need not address the remaining three <u>Barker</u> factors.  <u>Id</u>.

The defendant also argues that, even without a finding of bad faith, the 2012 charges should have been dismissed because "the State's inaction over the next several years [after entering a <u>nolle prosequi</u>] was at best negligent and should compel relief" for the defendant.  However, as the State correctly observes, the defendant has not preserved this argument for our review, and we decline to address it.  <u>See State v. Tsopas</u>, 166 N.H. 528, 531 (2014).

Accordingly, we conclude that the defendant has not established that he was denied his right to a speedy trial under the State Constitution.  Because the Federal Constitution is no more protective of the defendant's rights than the State Constitution under these circumstances, <u>see Allen</u>, 150 N.H. at 295; <u>Barker</u>, 407 U.S. at 530, we reach the same conclusion under the Federal Constitution.  Given our conclusion that the trial court did not err in finding that the State did not act in bad faith when it entered a <u>nolle prosequi</u>, we need not address the defendant's remaining argument that was contingent upon a finding of bad faith.

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**