**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0694, <u>State of New Hampshire v. Alyssa A. Turcotte</u>, the court on March 14, 2018, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Alyssa Turcotte, appeals her conviction of misdemeanor driving under the influence (DUI), first offense, <u>see</u> RSA 265-A:2 (2014), following a bench trial in Circuit Court (<u>Gardner</u>, J.). The defendant argues that: (1) the evidence was insufficient to support her DUI conviction; and (2) she was denied her right to a speedy trial under the State and Federal Constitutions. We affirm.

A reasonable trier of fact could have found the following. At around 2:30 a.m. on December 6, 2014, State Trooper Montville stopped the defendant for having a defective, non-working plate light, <u>see</u> RSA 266:44 (2014), and a rear window completely covered by snow, <u>see</u> RSA 265:95 (2014).

When she approached the vehicle and asked the defendant for her license and registration, Montville could smell the odor of burnt and fresh marijuana. During this interaction, Montville formed the opinion that the defendant was impaired. Montville noticed that the defendant's eyes were red and bloodshot, she had visibly dilated pupils which reacted slowly to the beam from Montville's flashlight, and she appeared dazed and confused. Montville told the defendant that she was under arrest, and several times she asked the defendant to get out of the vehicle. After the defendant refused, Montville and another officer physically removed the defendant from the vehicle, and placed her in handcuffs. When escorted to the police cruiser, the defendant was "unsteady on her feet and swayed side to side."

During a search of the defendant's clothing, Montville found a small baggie in the defendant's pocket "which contained a small amount of green vegetative matter, which based on [her] training and experience, looked and smelled like marijuana." The lab analyst later identified this substance as marijuana. Montville transported the defendant to the police station, where she refused a blood test and a drug recognition expert evaluation, and alternated between being "very upset, speaking pretty loud," and being "very calm, polite, and cooperative."

The defendant was arrested and arraigned. The trial was initially scheduled for March 31, 2015. Following two assented-to motions to continue filed by the State, the trial was rescheduled for July 21, 2015. Trial started on July 21, but, over the defendant's protest, it was suspended because the trial court had to hear a civil matter. Trial was rescheduled to September 15, 2015.

On September 11, 2015, the defendant moved to dismiss for lack of speedy trial. On September 15, before trial resumed, the trial court stated that it would address the motion to dismiss for lack of speedy trial after hearing the trial testimony. The court heard evidence on September 15, but the trial was not completed. On September 21, the defendant filed an amended motion to dismiss for lack of speedy trial.

The trial was scheduled to resume on February 18, 2016, but due to a scheduling conflict involving the availability of the trial judge, it was rescheduled to April 2016. After a final day of trial on April 19, the trial court took the case under advisement. On September 28, 2016, the trial court heard arguments on the pending motions to dismiss for lack of speedy trial, and on the defendant's oral motion to dismiss the case. The trial court denied the defendant's motions and found the defendant guilty of all charges. The defendant filed two motions to reconsider, which were denied. This appeal followed.

On appeal, the defendant first argues that the evidence was insufficient to support her DUI conviction. To prevail in a challenge to the sufficiency of the evidence, the defendant bears the burden of proving that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt. See State v. Kelley, 159 N.H. 449, 454-55 (2009). In reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation. Id. at 455. The trier of fact may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom. Id. In addition, we will "review the entire trial record because, even though the defendant is not required to present a case, if [s]he chooses to do so, [s]he takes the chance that evidence presented in h[er] case may assist in proving the State's case." State v. Miller, 145 N.H. 667, 669 (2001) (quotation omitted).

To convict the defendant of DUI, the State was required to prove beyond a reasonable doubt that the defendant drove or attempted to drive a vehicle upon a way while she was "under the influence of . . . any controlled drug . . . which impairs a person's ability to drive." RSA 265-A:2, I(a). To establish that the defendant was "under the influence," the State needed only to prove beyond a reasonable doubt that she was "impaired to any degree." See State v. Ducharme, 167 N.H. 606, 617 (2015).

The defendant contends that the evidence was insufficient to establish that her marijuana consumption impaired her ability to drive. The defendant further asserts that Montville "testified to observations that appear in people who have used marijuana without any explanation of how those observations relate to a person's ability to drive." The State argues that the defendant did not adequately preserve this argument on appeal. We need not decide, however, whether the defendant preserved this argument, because we agree with the State that the evidence was sufficient to demonstrate "impair[ment] to any degree." See Kelley, 159 N.H. at 452.

At trial, the State presented the following as evidence of impairment: (1) the defendant had bloodshot red eyes; (2) the defendant's "visibly dilated pupils . . . were reacting slowly to the beam of [Montville's] flashlight"; (3) the defendant appeared "dazed and confused" and stared "almost through [Montville]" when asked to produce her registration; and (4) the defendant's demeanor during this exchange was "overly panicked" and "flustered." When asked to get out of the car, the defendant refused and "became agitated and angry," and, when she was escorted from the vehicle, she "was unsteady on her feet and swayed side to side." See id. at 454. She had also parked the vehicle on the side of the road blocking the main entrance to an apartment complex, which created a "hazard," and required a tow company to remove it. Montville ultimately "formed the opinion that [the defendant] was impaired."

The defendant argues that the "post-hoc observations indicative of marijuana consumption . . . are not corroborated and meaningless" because "the only direct evidence of [the defendant's] ability to drive a motor vehicle in her then-existing condition showed that she was entirely capable and impairment-free." She contends that her "driving was flawless." However, the State need not present evidence of erratic or poor driving to prove beyond a reasonable doubt that the defendant was under the influence of a controlled drug at the time she was operating the car. See State v. Slater, 109 N.H. 279, 280 (1969); see also Ducharme, 167 N.H. at 618. "Evidence of the defendant's actions and appearance both in and out of the car near the time of the offense is admissible to show h[er] condition at the time [s]he was operating the car," even when the officer observed the defendant driving "as an ordinary reasonable and prudent person would." Slater, 109 N.H. at 280. Even though the defendant testified that she was sober at the time of arrest, it was well within the discretion of the trial judge not to believe the defendant's testimony. See State v. Young, 159 N.H. 332, 339 (2009). Therefore, the trier of fact could reasonably have found that the defendant was "impaired to any degree." See Ducharme, 167 N.H. at 617.

The defendant also argues that "connecting marijuana consumption to impaired driving is something that requires special expertise." The State counters that this argument is not preserved. We agree with the State. "The defendant, as the appealing party, has the burden to provide this court with a

3

sufficient record to decide h[er] issues on appeal and demonstrate that [s]he raised the issues before the trial court." State v. Brooks, 162 N.H. 570, 583 (2011). "Preservation of an issue for appeal requires a contemporaneous and specific objection." Id. (quotation omitted). "The trial court must have had the opportunity to consider any issues asserted by the defendant on appeal; thus, to satisfy this preservation requirement, any issues that could not have been presented to the trial court before its decision must be presented to it in a motion for reconsideration." State v. Mouser, 168 N.H. 19, 27 (2015). Here, the defendant did not raise this issue before the trial court and, thus, failed to preserve it for our review. See id. at 28.

In sum, viewing the evidence in the light most favorable to the State, we conclude that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of DUI.

The defendant next argues that the passage of 501 days from the date of her arrest to the conclusion of trial violated her right to a speedy trial as guaranteed by Part I, Article 14 of the New Hampshire Constitution and the Sixth Amendment to the United States Constitution. We first address the defendant's claim under our State Constitution and cite federal cases for guidance only. See State v. Ball, 124 N.H. 226, 231-33 (1983). We defer to the trial court's factual findings unless those findings are clearly erroneous, and consider de novo the court's conclusions of law with respect to those factual findings. State v. Allen, 150 N.H. 290, 292 (2003).

In determining whether a defendant's right to a speedy trial has been violated under the State Constitution, we apply the four-part test articulated in Barker v. Wingo, 407 U.S. 514, 530 (1972). Brooks, 162 N.H. at 581. "The test requires us to balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of h[er] right to a speedy trial; and (4) the prejudice to the defendant caused by the delay." Id. If the length of delay is not presumptively prejudicial, however, we do not consider the remaining three factors. Allen, 150 N.H. at 292. "[W]here a defendant charged with a misdemeanor is not in jail, we do not consider a pretrial delay of fewer than six months to be presumptively prejudicial." Id. at 294.

The period of delay, considered for purposes of analyzing a defendant's speedy trial claim, begins to run when the defendant is arrested or charged, whichever comes first. See Brooks, 162 N.H. at 581. We have previously held that the period of time ends with the commencement of trial. See State v. Langone, 127 N.H. 49, 53 (1985). We have not had occasion to address whether the time after commencement of trial must be considered in the speedy trial analysis. Importantly, the defendant's counsel acknowledged at oral argument that, in making the speedy trial argument, the defendant is not relying upon the time period between arrest and the start of trial. Rather, she

contends that the unconstitutional delay accrued <u>after</u> trial began, during the nine-month period between July 2015 and April 2016.

The defendant does not cite, nor are we aware of, any authority supporting the principle that we must consider the time period <u>after</u> the commencement of trial in our speedy trial analysis.  Further, as the Kansas Court of Appeals stated when rejecting an argument similar to that posed by the defendant here, "[w]e are aware of no authority, statutory or otherwise, nor does defendant supply us with any, that requires a trial to be started and completed . . . within any specific time frame."  <u>State v. Brown</u>, 920 P.2d 460, 462 (Kan. Ct. App. 1996).  Consequently, we conclude that the defendant's right to a speedy trial, as guaranteed by the New Hampshire Constitution, was not violated.  N.H. CONST. pt. I, art. 14.

We next turn to the defendant's speedy trial argument under the Federal Constitution.  U.S. CONST. amend. VI.  Again, the defendant has not cited, nor are we aware of, any authority that supports the principle that the Federal Constitution requires that we consider the time <u>after</u> commencement of trial in our speedy trial analysis.  Because the Federal Constitution offers the defendant no greater protection than does the State Constitution, <u>see</u> <u>Allen</u>, 150 N.H. at 295, we reach the same conclusion under the Federal Constitution.

Finally, we observe that a substantial delay after commencement of trial may, at some point, violate a defendant's due process rights.  <u>Cf</u>. <u>State v. Philibotte</u>, 123 N.H. 240, 244 (1983) (recognizing that an "arbitrary delay between the time of an offense and the arrest . . . may result in a denial of due process").  Here, however, the defendant does not make a due process argument.  Nor would such a claim have merit here because the defendant was not in custody, and she has not alleged "actual prejudice" as a consequence of the passage of time <u>after</u> the beginning of trial.  <u>See</u> <u>id</u>. (due process analysis of a delay requires a showing of actual prejudice from the delay, which is then balanced against the reasonableness of the delay).  We trust that trial courts will continue to work with the parties and counsel to minimize delay after the beginning of trial.

Issues raised in the defendant's notice of appeal but not addressed in her brief are deemed waived.  <u>See</u> <u>Miller</u>, 145 N.H. at 671.

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS, LYNN, BASSETT, and HANTZ MARCONI, JJ., concurred.

**Eileen Fox,
Clerk**