# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0465, <u>State of New Hampshire v. Nathan Souther</u>, the court on April 2, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Nathan Souther, appeals an order of the Circuit Court (LeFrancois, J.) denying his motion to dismiss the misdemeanor charges against him because he was denied his right to a speedy trial under the New Hampshire and Federal Constitutions. We first address the defendant's claim under the State Constitution and rely on federal law only to aid in our analysis. <u>State v. Ball</u>, 124 N.H. 226, 231-33 (1983).

The defendant was arrested on September 10, 2017 and tried over four separate days. He represents that the first two days, May 22, 2018 and August 23, 2018, were devoted to his motion to suppress his field sobriety tests. The State represents, and the defendant does not contest, that the testimony from these hearings was "adopted" into the trial record. The defendant represents that the second two days, March 21, 2019 and May 28, 2019, constituted his trial. The trial court took the matter under advisement after the last day of trial so it could review the evidence. It found the defendant guilty of driving under the influence on June 18, 2019, by clerk's notice dated June 24, 2019.

To determine whether a defendant's right to a speedy trial has been violated under the State Constitution, we balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant caused by the delay. <u>State v. Brooks</u>, 162 N.H. 570, 581 (2011). The length of the delay must be presumptively prejudicial to trigger consideration of the other factors. <u>Id</u>.; <u>see</u> <u>State v. Allen</u>, 150 N.H. 290, 294 (2003) (stating that when defendant is charged with misdemeanor and not jailed, pre-trial delay of six months is presumptively prejudicial). We place substantial emphasis on the last two factors. <u>Brooks</u>, 162 N.H. at 582. We defer to the trial court's factual findings, unless those findings are clearly erroneous, and consider <u>de</u> <u>novo</u> the court's conclusions of law. <u>Id</u>. at 581.

In this case, approximately 21 months elapsed between the defendant's arrest on charges of driving under the influence, <u>see</u> RSA 265-A:2 (2014), and reckless driving, <u>see</u> RSA 265:79 (Supp. 2019), and his conviction, following a

bench trial, of driving under the influence. Neither the State nor the defendant sought or engendered continuances; the cause of this delay was "the vicissitudes of scheduling" in an overburdened court, which does not weigh heavily against the State. See Allen, 150 N.H. at 294.

The defendant asserted his right to a speedy trial twice, but did not do so frequently or consistently. Cf. State v. Langone, 127 N.H. 49, 55 (1985) (stating that defendant consistently asserted right to speedy trial when, in space of three months, he objected to two of State's requests for continuance and moved to dismiss for lack of speedy trial). At the outset of the case, the defendant's attorney "asserted" the defendant's right to a speedy trial in a cover letter to the court transmitting his appearance.

The record does not reflect that the defendant objected: (1) when his trial, which was scheduled for three hours, received only one hour of the court's time; or (2) when, after the defendant waited approximately four more months for another trial date, the trial court sua sponte rescheduled his trial for six months later and did not specially assign it. Similarly, when the trial court ordered the parties to notify it immediately if they required more than one hour for trial, the record does not reflect that the defendant responded. However, the trial was continued for approximately two months after that hearing date because it was not completed in that time. The record reflects that the defendant asserted his right to a speedy trial for a second time when he moved to dismiss approximately two weeks before the trial was scheduled to commence and approximately 18 months after his arrest.

The defendant argues that: (1) "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify," State v. Locke, 149 N.H. 1, 9 (2002) (addressing 55 month delay from arrest to start of trial); and (2) "the delays and piecemeal presentation of trial evidence [ ] caused [the] memories of parties, including the Court, to be detrimentally affected." However, we typically require a defendant to demonstrate actual prejudice from a delay to prevail on a speedy trial claim. Id. at 8.

The defendant does not address whether the length and reason for the delay weigh so heavily in his favor that he need not demonstrate specific prejudice. Id. Instead, he merely asserts a general impediment to memory, but "the dimming of memories alone is insufficient to constitute prejudice for purposes of a speedy trial claim." Id. at 10 (quotation omitted). Furthermore, in this case, any concern regarding the fact-finder's memory was resolved when the trial court took time to review the evidence before convicting the defendant. When the State pursues a defendant with "reasonable diligence," then a speedy trial claim is likely to fail, regardless of the length of delay, as long as the defendant, like here, cannot show specific prejudice to his defense. Id. at 9.

2

Upon this record, after balancing the requisite factors, we conclude that the defendant was not denied his right to a speedy trial.  See Brooks, 162 N.H. at 581.  Because the Federal Constitution is no more protective of the defendant's rights than the State Constitution under these circumstances, see id. at 584, we reach the same conclusion under the Federal Constitution.

Affirmed.

Hicks, Bassett, and Hantz Marconi, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3