# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0021, <u>State of New Hampshire v. Michael Kukuruza</u>, the court on December 16, 2020, issued the following order:**

Having considered the defendant's brief, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Michael Kukuruza, appeals his conviction, following a jury trial in Superior Court (<u>Ignatius</u>, J.), on a charge of theft by unauthorized taking. <u>See</u> RSA 637:3 (2016). On appeal, he argues that the trial court erred by denying his pretrial motion to dismiss the charge on the basis that the State had not timely notified the trial court, in accordance with a court order, of its intent to retry the defendant following an earlier trial of the matter that had ended with a hung jury. He further argues that the trial court erred by denying his post-conviction motion for bail pending appeal. We affirm.

The trial court generally has broad authority "to control every aspect of the proceeding before it," <u>State v. Fecteau</u>, 140 N.H. 498, 504 (1995), including the enforcement of court-ordered deadlines, <u>see</u> <u>State v. Knight</u>, 161 N.H. 338, 341 (2011). We review a trial court's ruling concerning the conduct of trial for an unsustainable exercise of discretion. <u>See</u> <u>Knight</u>, 161 N.H. at 341; <u>Fecteau</u>, 140 N.H. at 504. Although the trial court has authority to dismiss a charge based on a prosecutor's failure to comply with a scheduling deadline, we have held that the trial court may impose such an extreme sanction <u>only</u> when the State's conduct has actually prejudiced the defendant. <u>See</u> <u>State v. Chace</u>, 151 N.H. 310, 314 (2004); <u>State v. Bain</u>, 145 N.H. 367, 372 (2000); <u>State v. Cotell</u>, 143 N.H. 275, 279 (1998), <u>superseded on other grounds by rule as recognized in</u> <u>State v. Mottola</u>, 166 N.H. 173, 176 (2014).

In this case, following the conclusion of the defendant's first trial by hung jury, the trial court issued an order on February 11, 2019, stating that it had held the case open "to allow the [State] to notify the court if it intends to retry the case," and that the State had not yet notified the trial court of its intent. Thus, the trial court ordered the State to notify it "within 20 days if it intends to proceed with the charge," or "the file [would] be closed." The parties do not dispute that the State did not notify the trial court of its intent within twenty days.

On April 2, 2019, the trial court issued a new trial schedule. On July 25, 2019, the defendant moved to dismiss on the basis that the State had failed to timely comply with the February 11 order. The State objected, asserting that it

never received the February 11 order, that it did, in fact, notify the trial court of its intent to retry the defendant on March 15, 2019, and that the defendant had made no showing of prejudice. In denying the motion, the trial court reasoned, "There being no prejudice shown, the court will not take the extraordinary step of dismissing the charge."

Upon this record, we cannot conclude that the trial court's denial of the motion was an unsustainable exercise of discretion. Fecteau, 140 N.H. at 504. In his motion, the defendant articulated no actual prejudice caused by the State's delay in notifying the trial court of its intent to retry him. Nor does the record on appeal establish any prejudice arising from the State's failure to timely notify the trial court of its intent, and we reject the defendant's assertion that he should not be required to show prejudice under the circumstances of this case. See Chace, 151 N.H. at 314 (reversing dismissal for prosecutorial misconduct when defendant could not demonstrate any prejudice); Bain, 145 N.H. at 372 (holding that trial court erred by dismissing case for prosecutorial malfeasance because the record could not support a finding of prejudice); Cotell, 143 N.H. at 280 (reversing dismissal based upon prosecutor's failure to timely provide discovery because the record revealed no plausible basis for a finding of actual prejudice). Indeed, we note that the State did, in fact, notify the trial court of its intent to retry the defendant shortly after the twenty-day deadline had expired.

Because the defendant has not established reversible error as to the merits of his appeal, his argument that the trial court erred by denying bail pending appeal is moot.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.


**Timothy A. Gudas,
Clerk**